L. L. MOORMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

L. L. MOORMAN AND ESTATE OF LILLIAN W. MOORMAN, DECEASED, L. L. MOORMAN, EXECUTOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 56115, 56116. Filed June 25, 1956.

*Richard E. Thigpen, Esq.*, and *Fred D. Hamrick, Jr., Esq.*, for the petitioners.

*W. Preston White, Jr., Esq.*, for the respondent.

670

672

**OPINION.**

ATKINS, *Judge:* The petitioner included in his returns as gross income from commissions only the difference between the amounts actually paid to him by his employer and the amounts shown in the expense accounts which he submitted to his employer. The respondent has determined that the full amount of commissions earned (with some adjustments for 1950 and 1951 on account of a $2,000 reserve) constitutes gross income and computed net income by deducting therefrom the amounts which he determined to be allowable expenses. In view of this determination he further determined that it would be to the petitioner's advantage to take itemized deductions rather than the standard deduction in computing net income, and therefore disallowed the standard deduction.

The contract of employment clearly provides for the payment of commissions to the petitioner in a stated percentage of sales in his territory. There can be no question that the full amount thereof received by petitioner constitutes gross income to him. Under section 42 of the Internal Revenue Code of 1939, the petitioner must account for all items of gross income in the year in which received, since he employs the cash receipts and disbursements method of accounting. The petitioner says that some part of the amounts received represents expenses of his employer routed through him merely as a conduit and that consequently such amounts do not constitute gross income to him. Even if it were true that some portion of the amount received represented reimbursement of expenses on behalf of the employer the petitioner would not be relieved of the duty to include the amounts in his gross income. But in any event we disagree with petitioner as to the nature of the payments. We think it is clear that the amounts received consisted entirely of commissions to which the petitioner was entitled. We hold that the commissions earned by the petitioner should be included in his gross income for each year to the extent received by him.

The amounts of commissions earned, the amounts paid or advanced to the petitioner, and the amounts of gross income determined by the

respondent are not in accord. In 1949, the commissions earned by the petitioner amounted to $15,010.03, the amounts paid or advanced amounted to $12,930.60, and the amount of commissions includible in gross income as determined by the respondent amounted to $14,998.07. We think that no more than $12,930.60 should be included in gross income. In accordance with the terms of the employment agreement the employer withheld a portion of the commissions earned in that year to apply against the deficit in the petitioner's earnings account carried over from 1948. The modified employment contract, effective February 1, 1948, provided for advances in the amount of $1,000 each month against commissions earned. The commissions earned in any one month would be credited against the advances, and if the gross commissions were not sufficient to cover the advances and other deductions, the deficiency would become a charge against any future net earnings. Nowhere in the contract was the petitioner made personally liable to repay any such deficiency. An officer of the employer testified that if the petitioner had left the company he would not have been personally liable for any deficiency. Under the circumstances, it is our opinion that any advances received by the petitioner were held by him under claim of right and without restriction as to their disposition and would constitute income at the time received. Accordingly, the amounts received by the petitioner prior to 1949 in excess of commissions earned constituted gross income to him in those years. It would follow that, the petitioner being on the cash receipts and disbursements basis, the amounts of commissions earned in 1949 which were not received by him, but were applied against the deficit in his earnings account for prior years are not income to him in 1949. This was the conclusion we reached in *Kenneth Drummond*, 43 B. T. A. 529, and we see no essential difference between the instant case and that case. Accordingly, the amount of $12,930.60 is the amount to be included in 1949 income as gross income from commissions.

For the year 1950, commissions earned amounted to $35,105.47 and the respondent included in gross income $33,115.47 which he said was commissions earned in the amount of $35,115.47 less adjustment for reserve in the amount of $2,000.[2] The so-called reserve figure of $2,000 stems from the modification agreement of January 19, 1948, under which the petitioner agreed that his employer could withhold a part of earnings in excess of the amounts of advances and deductions so as to build up a credit of $2,000 in the petitioner's account. The amount so withheld by the employer was not available to the petitioner in 1950 and the respondent properly excluded it from gross income. While the record is not entirely clear, it would appear that the petitioner does not question this treatment of the $2,000 item. The

---

[2] The difference of $10 between the two commissions earned figures is not explained.

difference between the $33,105.47 so arrived at and the sum of $30,113.66 paid or advanced was retained by the employer to cover deficits in the petitioner's account for years prior to 1949. For reasons stated in our discussion as to the year 1949, that amount is not properly includible in gross income for 1950. We conclude that the correct amount includible in 1950 as gross income from commissions is $30,113.66.

For the year 1951 the petitioner's earned commissions amounted to $31,960.35. That amount was paid or advanced to the petitioner in that year, plus the $2,000 withheld in 1950, making a total of $33,960.35. The latter amount is properly includible in gross income. The respondent included $34,060.35. The difference of $100 is not explained.

The petitioner incurred expenses in connection with his employment, including expenses of transportation and meals and lodging while away from home on his business trips. No question is raised regarding the petitioner's right to deduct, in computing net income, the traveling and other expenses which were actually paid, in accordance with section 23 (a) (1) (A) of the Internal Revenue Code of 1939 which provides for the deduction of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" and "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." However, the question of immediate concern is whether the expenses involved may be deducted from gross income in computing adjusted gross income.

The petitioner contends that under section 22 (n) all of his expenses are deductible in computing adjusted gross income. His further contention is that he is entitled also to the benefit of the standard deduction under section 23 (aa),[3] in computing his net income.

Section 22 (n), in material part, provides:

(n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

\*　　\*　　\*　　\*　　\*　　\*　　\*

---

[3] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:

\*　　\*　　\*　　\*　　\*　　\*　　\*

(aa) OPTIONAL STANDARD DEDUCTION FOR INDIVIDUALS.
(1) ALLOWANCE.—In the case of an individual, at his election a standard deduction as follows:
(A) Adjusted Gross Income $5,000 or More.—If his adjusted gross income is $5,000 or more, the standard deduction shall be $1,000 or an amount equal to 10 per centum of the adjusted gross income, whichever is the lesser, except that in the case of a separate return by a married individual, the standard deduction shall be $500.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(2) IN LIEU OF CERTAIN DEDUCTIONS AND CREDITS.—The standard deduction shall be in lieu of: (A) all deductions other than those which under section 22 (n) are to be subtracted from gross income in computing adjusted gross income, \* \* \*

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.— The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

(3) REIMBURSED EXPENSES IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer;

Clearly, under section 22 (n) (2), the petitioner is entitled to deduct, in computing adjusted gross income, proper amounts representing expenses of travel, meals, and lodging while away from home in the pursuit of his trade or business, and the respondent so concedes. The proper amounts to be deducted will be discussed hereinafter. On the other hand, we are of the opinion that the items listed in the petitioner's expense accounts other than those for travel, meals, and lodging while away from home, consisting of supplies and miscellaneous, entertainment, advertising, and salary and expenses of Ben J. Kerr, although deductible in proper amounts under section 23 (a) (1) (A) in computing net income, are not deductible under section 22 (n) (3) in computing adjusted gross income.

The petitioner contends for the allowance of the deductions for these other expenses under Code section 22 (n) (3) on the ground that he had "a reimbursement or other expense allowance arrangement with his employer." He refers to that portion of the employment contract which provides that:

The Company will reimburse you for all of your expenses which we approve, including compensation of any people employed by you, traveling expenses, telegraph and telephone expenses (except as noted below), and entertainment expenses, but we will deduct the same from the commissions payable to you under this contract.

In the first place, the contract itself, as well as the testimony of an officer of the employer, establishes that this provision was inserted for the purpose of computing the amount of taxes to be withheld by the employer. To that end the contract contemplated that the petitioner would submit to the employer each month a statement of his expenses and the employer agreed that "we will exempt the total amount of your expenses from your monthly earnings in calculating your withholding tax on earnings," but it was provided that if the accounts were not received at a specified time "it will be necessary for us to take out the withholding tax on your entire gross earnings." The evidence shows that the employer made no investigation or audit of the expense accounts other than to check them for mathematical errors. This is quite understandable since the employer was not particularly concerned with the accuracy of the statements submitted.

In this connection it is to be noted that the employer is protected against the payment of any expenses of the petitioner in excess of commissions earned, since the reimbursement is limited by the specific terms of the contract to the expenses "which we approve."

Since we have before us no question as to withholding tax, we express no opinion as to the effectiveness of the contract for that purpose. However, we think it is clear that this provision of the contract does not create a reimbursement or other expense allowance arrangement within the meaning of section 22 (n) (3). As we have pointed out hereinabove, the employment contract provided for the payment to the petitioner of commissions in the amount of specified percentages of sales in the petitioner's territory, and these commissions represented compensation to him for his services. We think that is what he received and nothing more. The substance of the employment contract was that he was to receive his commissions and pay whatever expenses he found it necessary to incur in earning his commissions. The amount which he would receive was determinable without reference to the amount of expenses which he might incur. Thus, although the contract states that the petitioner will be reimbursed for his expenses, the claimed effect thereof as a reimbursement arrangement within the meaning of the statute is destroyed by the further provision that "we will deduct the same from the commissions." It may be pointed out, by contrast, that the contract of employment does provide for actual reimbursement to the petitioner of certain other types of expenses which he might incur on behalf of the company, and such reimbursement is specifically made payable without deduction from his commissions.

The petitioner cites in support of his position Rev. Rul. 196, 1955–1 C. B. 492 and Rev. Rul. 288, 1955–1 C. B. 257. The first cited ruling is not in point. It does not involve section 22 (n) (3). It deals only with the determination of "wages" for purposes of the Federal Insurance Contributions Act, the Federal Unemployment Tax Act, and Collection of Income Tax at Source on Wages. The second cited ruling does relate to section 22 (n) (3), but does not support the petitioner's position. As we understand that ruling it recognizes that where there is a reimbursement arrangement or other expense allowance, in addition to the employee's compensation, the amount of the reimbursement or allowance may be deducted from gross income in computing adjusted gross income if proper identification of such amount is made. However, that ruling does specifically hold that an arrangement whereby an employee is paid a salary with the understanding that he will pay his own expenses in the performance of his employment does not constitute a reimbursement or other expense allowance arrangement for the purpose of section 22 (n) (3). In the

instant case the petitioner is not entitled to reimbursement of the expenses in question in addition to his compensation.

We conclude that in determining the amount of the adjusted gross income for each year, the petitioner is not entitled to deductions from gross income other than proper amounts for expenses of travel, meals, and lodging while away from home.

It follows that if the petitioner is to obtain the benefit of deductions on account of the expenses in question other than those for travel, meals, and lodging while away from home, it must be by deduction from adjusted gross income in arriving at net income. But, of course, under section 23 (aa) (1) (A) (2) the petitioner is not entitled to these deductions and also the standard deduction in computing net income. Since the amount of such itemized deductions which the respondent determined are allowable exceeds $1,000 each year, the respondent concedes that the petitioner is entitled to deduct the itemized deductions rather than the standard deduction for each of the years in question. Accordingly, in the recomputation, the expenses other than for travel, meals, and lodging in proper amounts may be deducted in computing net income, but the standard deduction may not be allowed.

There remains for consideration the question of the proper amounts to be allowed as deductions both in the determination of adjusted gross income and of net income.

We have set forth in our findings the various amounts which the petitioner claims are deductible and the amounts which the respondent determined to be allowable. The amounts allowed by the respondent for each of the years 1949, 1950, and 1951 represent approximately one-half of the amounts shown in the petitioner's expense accounts as the cost of meals and entertainment, approximately three-fourths of the amounts shown as cost of transportation, and the full amounts of the other items shown in the expense accounts.

The petitioner testified that he kept daily records of his expenditures and that he transcribed such data to monthly expense accounts which he submitted to his employer and that he kept notations of his automobile mileage for each trip. These daily records were destroyed sometime in 1951 by the petitioner's wife who did his office work for him. Petitioner testified that the reason they were not retained was because he considered the expenses as those of his employer which the employer had approved, and that therefore there was no necessity of preserving them. Under the circumstances, we accept the figures shown on the monthly expense accounts as evidence that the amounts claimed by the petitioner were expended. He also stated that he noted his automobile mileage for each trip, and we conclude that he drove the distances which are indicated by his expense accounts. However, since the respondent's determination presumably rests on a

correct determination of the facts (*Old Mission Portland Cement Co.* v. *Commissioner*, 293 U. S. 289), the burden is upon the petitioner to also adduce sufficient evidence as to the nature of the expenditures to show that they are deductible under the statute. It becomes necessary, therefore, to analyze in some detail the evidence as to each of the items in question.

For the years 1949, 1950, and 1951 the petitioner claims as transportation expenses the amounts of $5,406.95, $5,784.11, and $4,680.02, respectively. These were calculated at the rate of 10 cents per mile traveled. The respondent has disallowed approximately one-fourth of such claimed expense. The petitioner has not adduced any proof whatsoever as to the reasonableness of the rate of 10 cents per mile. The record is devoid of any evidence upon which we can make an independent judgment. Illustrative of the meagerness of the record is the fact that we do not even know the type of automobile used. Under the circumstances, we approve the respondent's determination in this respect.

The petitioner claims expenditures for meals while away from home in the amounts of $2,178.35, $2,921.52, and $2,520.25 for the years 1949, 1950, and 1951, respectively. The respondent allowed approximately one-half of these amounts. The petitioner also claims as "Entertainment" the amounts of $1,629.50, $3,057.50, and $2,300.25 for the years 1949, 1950, and 1951, respectively. The respondent allowed approximately one-half of those amounts as deductions. Certainly the cost of meals consumed by the petitioner while away from home on business trips constitute deductible expenses. Likewise, proper amounts expended for meals and entertainment of dealers for business purposes are deductible. However, there is included in the expense accounts (whether under "meals" or "entertainment" is not entirely clear from the record) the cost of some of the meals of the petitioner's wife while accompanying him on business trips and while entertaining dealers. The petitioner testified that his wife assisted him in his work while on these business trips and that she was of help in entertaining the dealers. However, the evidence does not establish that her services were necessary, although they may have been helpful. The evidence here is not sufficient to show that these expenditures on behalf of the wife were not family expenses rendered nondeductible by the provisions of section 24 (a) (1) of the Code. We have been furnished with no evidence upon which we can accurately determine the amount which was so expended on behalf of the wife. All we know is that she accompanied the petitioner each year on 2 or 3 trips of 2 or 3 weeks' duration each. Under the circumstances we must exercise our best judgment, which is that an amount of $300 should be attributed to the wife for each year. In the recomputation that amount will be deducted from the total amount which the peti-

tioner claims as meals and entertainment for each year. With this exception, we are satisfied that the amounts shown on the expense accounts for these items are deductible under section 23 (a) (1) (A) of the Code. In so concluding, we have taken into consideration the entire record, particularly the fact that the petitioner was away from home almost continuously in the pursuit of his business and the fact that the sales in his territory increased from $787,000 in 1948 to $5,000,000 in 1950 and over $4,500,000 in 1951.

In his computation of the deficiency in tax for the year 1950, the respondent made an error in subtraction in the amount of $1,000 in the petitioner's favor. He made timely claim for any increase in deficiency that might result from correction of the error. To the extent, if any, that correction of this error may result in an increase in the deficiency, taking into consideration our holdings on the other issues, such increase is allowable.

In the notice of deficiency the respondent added 5 per cent to the amount of the deficiency determined for each of the 3 years involved in these proceedings. He now concedes error in this respect as to the years 1949 and 1950, but insists that the addition is proper for the year 1951.

The petitioner had his returns prepared by an attorney to whom he furnished the Forms W-2, as well as the monthly expense accounts and monthly statements prepared by the employer showing the sales of securities, the amounts of commissions earned, and the amounts paid to the petitioner. While the petitioner is in error in his contention that he was required to report as gross income only the difference between the commissions earned and received and the amount shown in the expense accounts, he apparently relied upon the Forms W-2 submitted by the employer, and his erroneous belief was not corrected by the attorney upon whom he relied to prepare his returns. Under the circumstances, we believe that the deficiency was not due, to any extent, to negligence or to intentional disregard of rules and regulations within the intent of section 293 (a) of the Code, and we therefore hold that the respondent improperly added the 5 per cent addition to the deficiency for the year 1951.

*Decisions will be entered under Rule 50.*