Beverly B. Cook and Mary L. Cook v. Commissioner.
Cook v. Commissioner
Docket No. 4032-63.
United States Tax Court
T.C. Memo 1965-168; 1965 Tax Ct. Memo LEXIS 164; 24 T.C.M. (CCH) 897; T.C.M. (RIA) 65168; June 24, 1965
*164 Held, petitioner Beverly B. Cook is not entitled to deduct as business expenses for the years involved, amounts of automobile expenses which are in excess of the amounts actually paid or incurred. Beverly B. Cook, pro se, 6145 Salem Rd., Cincinnati, Ohio. Rodney G. Haworth, for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: Respondent determined deficiencies in income tax as follows: Year
Petitioner
Deficiency
1957
Beverly B. Cook
$111.05
1958
Beverly B. Cook
32.46
1959
Beverly B. and Mary L. Cook
212.58
1960
Beverly B. and Mary L. Cook
105.13
1961
Beverly B. and Mary L. Cook
131.74
The only issue raised by the pleadings is whether the petitioners are entitled to deduct as business expenses for the respective years involved, amounts of automobile expenses which are in excess of the amounts actually paid or incurred. All of the facts have been stipulated, and they are so found. These facts are summarized as follows. Beverly B. Cook and Mary L. Cook, the petitioners herein, are husband and wife residing in Cincinnati, Ohio. For each of the calendar years 1957 and 1958 petitioner Beverly B. Cook filed an individual *165 income tax return with the district director of internal revenue at Cincinnati; and for each of the calendar years 1959, 1960, and 1961, both petitioners filed a joint income tax return with the same district director of internal revenue. Mary L. Cook is a party to this case solely by reason of having joined in filing the joint returns; and therefore the husband, Beverly B. Cook, will hereinafter be referred to as the "petitioner." Petitioner, during all years involved, was a Methodist minister who also practiced law 1 day a week. In the pursuit of his business activities, he paid or incurred automobile expenses (including depreciation) during said years, as follows: Expenses paid
Year
or incurred
1957
$1,306.15
1958
1,014.98
1959
1,043.88
1960
1,386.02
1961
1,327.98 For the above years, he claimed on his income tax returns, the following deductions for automobile expenses incurred in his business. 1957
$2,360.61
1958
1,976.32
1959
2,015.30
1960
1,815.07
1961
1,967.10 The amount so claimed for the year 1957 was based on an estimate of 9 cents per mile for automobile mileage applicable to his business; and the amount so claimed *166 for each of the years 1958, 1959, 1960, and 1961, was based upon an estimate of 10 cents per mile. Section 162(a) of the 1954 Internal Revenue Code provides, so far as here material: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * [Emphasis supplied.] Respondent's position is that petitioner is entitled to deduct only those expenses that were actually paid or incurred; and in his notices of deficiency herein, he allowed deductions for such amounts. Petitioner, on the other hand, contended at the trial (he did not file any brief herein), that he is not limited to the amounts of expenses actually paid or incurred but is entitled to deduct the larger amounts which he claimed on his returns, that were based on his own estimates. We agree with respondent. In the case of L. L. Moorman, 26 T.C. 666, 679, this Court said: For the years 1949, 1950, and 1951 the petitioner claims as transportation expenses the amounts of $5,406.95, $5,784.11 and $4,680.62, respectively. These *167 were calculated at the rate of 10 cents per mile traveled. The respondent has disallowed approximately one-fourth of such claimed expense. The petitioner has not adduced any proof whatsoever as to the reasonableness of the rate of 10 cents per mile. The record is devoid of any evidence upon which we can make an independent judgment. * * * Under the circumstances, we approve the respondent's determination in this respect. The circumstances stated in the above case are substantially the same as those in the instant case. Here also, the petitioner has not adduced any proof whatsoever as to the reasonableness of the rates per mile which he estimated; and here also, the record is devoid of any evidence which would justify us, by use of an independent judgment, to allow deductions for any amounts other than those which petitioner conceded that he had actually expended, and which respondent has already allowed. It is true that, with respect to certain years subsequent to those here involved, the Internal Revenue Service issued a ruling (Rev. Proc. 64-10, 1964-1 C.B. 667) in which it announced that it would, subject to certain specified conditions and limitations, accept *168 the use of certain stated mileage rates for determining deductible costs for operating a passenger automobile in a trade or business or for the production of income. However, this ruling expressly indicates that such simplified method may be used only "for periods after December 31, 1962." Accordingly the same is not applicable or available for use in the instant case. Petitioner has not cited any similar ruling which is applicable to the years here involved, and our search has not revealed any such ruling. In the circumstances here present, we approve the respondent's determinations as to the amounts deductible. Decision will be entered for the respondent.