FRANK B. MATTESON and MAXINE Z. MATTESON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Matteson v. Commissioner
Docket No. 1038-72
United States Tax Court
T.C. Memo 1974-96; 1974 Tax Ct. Memo LEXIS 224; 33 T.C.M. (CCH) 479; T.C.M. (RIA) 74096; April 18, 1974, Filed Thomas J. Stephens, for the petitioners. Frank C. Conley, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: The Commissioner determined deficiencies in the petitioners' federal income taxes as follows: Year
Deficiency 1967
$1,000.00
1968
591.00
1969
624.16
The parties have settled several issues, leaving the following for our decision: (1) Whether the cost of traveling between petitioner Maxine Z. Matteson's personal residence and her primary place of employment constitutes deductible business expenses under section 162, Internal Revenue Code of 1954, [1] and section 62(2). (2) Whether the cost of lunches purchased by Maxine Z. Matteson at her primary place of business is a deductible business expense under sections 162 and 62(2). *226 (3) Whether the petitioners may deduct the cost of Maxine Z. Matteson's uniform and professional dues for 1967 and 1969, years in which they elected the standard deduction provided by section 141. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with attached exhibits, are incorporated herein by this reference. Petitioners Frank B. Matteson (hereinafter "Dr. Matteson") and Maxine Z. Matteson (hereinafter "Mrs. Matteson") are husband and wife, and resided at the time of filing of their petition herein at Grant City, Missouri. Petitioners filed joint federal income tax returns for the calendar years 1967, 1968, and 1969 on the cash basis method of accounting. For 1967 and 1969, the petitioners elected to use the standard deduction provided by section 141 in lieu of itemizing their deductible expenses. Dr. Matteson is the only doctor of medicine in the rural county of Worth County, Missouri. He maintains an office for the practice of medicine at a location separate and apart from his home. In addition to the practice of medicine, Dr. Matteson writes prescriptions and dispenses drugs to his patients. He employs *227 a secretary and a nurse during normal working hours at his office. Dr. Matteson is on the staff of three hospitals within 35 miles of Grant City. However there are no hospitals in Worth County. He also makes a large number of house calls, is county coroner, and has a number of other civic activities. As a result he spends a great deal of time away from his office and residence. In order to facilitate locating him, Dr. Matteson has a telephone in his automobile. Mrs. Matteson is a registered nurse. She is employed by the St. Francis Hospital in Maryville, Missouri as director of nursing services. On workdays she leaves her home at approximately 6:00 a.m. to travel to St. Francis Hospital, a distance of approximately 35 miles. Mrs. Matteson eats her lunches on the premises of St. Francis Hospital, a requirement of the hospital. She is allowed a thirty-minute lunch period. She incurred the following expenses for lunches during the years in issue: Year
Amount spent on Meals 1967
$150
1968
170
1969
170
When Mrs. Matteson completes her work at the hospital at approximately 4:00 p.m. she returns directly to her home at Grant City. During 1967, 1968 and *228 1969 the petitioners supported 6 children, most of whom lived at home. During the day a woman cared for the children, cleaned, and often cooked the evening meal. Patients will frequently call upon Dr. Matteson at his residence after office hours. Mrs. Matteson assists her husband in many ways when she is home. For example, she will contact him when others, primarily patients, need him; she will make medical decisions such as whether a particular problem requires hospital care; she will dispense medication prescribed by her husband; and she will assist him in emergencies. During the years in issue, Mrs. Matteson incurred the following automobile expenses in traveling between her residence and St. Francis Hospital: Year
Automobile Expense 1967
$1,675.00
1968
1,678.55
1969
1,693.00
Mrs. Matteson also incurred the following other expenses during 1967 and 1969: Expense
Year
Amount Uniforms
1967
$100.00
Professional dues
1967
50.00
Uniforms
1969
100.00
Professional dues
1969
50.00
OPINION Mrs. Matteson a registered nurse, is employed during normal working hours as director of nursing services at a hospital approximately *229 35 miles from her personal residence. While at home she provides some assistance to her husband, who is the County's only doctor of medicine. The first issue we must decide is whether the cost of traveling between her home and the hospital where she is employed is a deductible beusiness expense. Authority need hardly be cited for the proposition that commuting expenses are not deductible. Commissioner v. Flowers, 326 U.S. 465 (1946); Russell Anderson, 60 T.C. 834 (1973). The petitioners rely on Steinhort v. Commissioner, 335 F.2d 496 (C.A. 5, 1964), affirming a Memorandum Decision of this Court, where it was held that the cost of travel between two established places of business is a deductible business expense. It was thus held that a sea pilot could deduct the expenses of traveling between various ports of call during the business day, but not the expenses of traveling between his home and his first and last job assignments. We hold that Mrs. Matteson's automobile expenditures are non-deductible commuting expenses. We are not convinced that the assistance Mrs. Matteson rendered her husband was of a sufficient magnitude and nature to *230 constitute the conduct of a trade or business. Many of her duties, as outlined in our findings of fact, did not require the special training of a nurse and could adequately be performed by an average homemaker or mature child. Moreover, this Court has recently held the expenses of commuting between home, even where a secondary business connection existed, and a primary place of business were not deductible where it was clear that the primary purpose served by the travel was to return "home" in the popular sense of the word. Thomas J. Green, Jr., 59 T.C. 456 (1972); Julio S. Mazzotta, 57 T.C. 427 (1971), affd. per curiam 456 F.2d 1399 (C.A. 2, 1972). There is little doubt that Mrs. Matteson returned home each day to enjoy the pleasures of family life and for rest and relaxation. As such the travel was not incurred in the course of Mrs. Matteson's business as a professional nurse. The second issue we must decide is whether the cost of meals obtained by Mrs. Matteson at St. Francis Hospital is a deductible business expense. In order for one to qualify for a meal expense deduction one must be away from home for a period normally requiring *231 sleep or rest. United States v. Correll, 389 U.S. 299 (1967). Mrs. Matteson was not away from home since she ate the meal at her primary place of business; nor did her assignments require her to remain overnight. As such the expenses are nondeductible. The last issue for decision is whether Mrs. Matteson may deduct uniform expenses and professional dues for 1967 and 1969, years in which the petitioners elected to take the standard deduction. Because Mrs. Matteson was at all times an employee in her capacity as a nurse, professional expenses are allowable deductions under section 162, but not section 62. [2] The election to take a standard deduction is in lieu of itemizing deductions except those set out in section 62. Sec. 63, [3]L. L. Moorman, 26 T.C. 666 (1956). The standard deduction was designed to account for most deductible expenses, and yet remain a convenient tool for the Commissioner and the taxpayer to apply in determining tax liability. Petitioners have not indicated a present desire to itemize their deductions. Therefore the uniform expenses and professional dues paid by Mrs. Matteson are not deductible in their own right for the calendar *232 years 1967 and 1969. *233 Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated. ↩
2. SEC. 62. ADJUSTED GROSS INCOME DEFINED. For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: (1) Trade and business deductions. - The deductions allowed by this chapter (other than by part VII of this subchapter) which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee. (2) Trade and business deductions of employees. - (A) Reimbursed expenses. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer. (B) Expenses for travel away from home. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee. (C) Transportation expenses. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of transportation paid or incurred by the taxpayer in connection with the performance by him of services as an employee. (D) Outside salesmen. - The deductions allowed by part VI (sec. 161 and following) which are attributable to a trade or business carried on by the taxpayer, if such trade or business consists of the performance of services by the taxpayer as an employee and if such trade or business is to solicit, away from the employer's place of business, business for the employer. * * * ↩
3. SEC. 63. TAXABLE INCOME DEFINED. (a) General Rule. - Except as provided in subsection (b), for purposes of this subtitle the term "taxable income" means gross income, minus the deductions allowed by this chapter, other than the standard deduction allowed by part IV (sec. 141 and following). (b) Individuals Electing Standard Deduction. - In the case of an individual electing under section 144 to use the standard deduction provided in part IV (sec. 141 and following), for purposes of this subtitle the term "taxable income" means adjusted gross income, minus - (1) such standard deduction, and (2) the deductions for personal exemptions provided in section 151. ↩