ROBIN O. WILLIAMS AND MARILYN N. WILLIAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 10845-78.
United States Tax Court
T.C. Memo 1979-439; 1979 Tax Ct. Memo LEXIS 85; 39 T.C.M. (CCH) 420; T.C.M. (RIA) 79439; November 1, 1979, Filed Robin O. Williams, pro se. Charles Kite, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, *86 as amended, and Rule 180, et seq., Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1976 in the amount of $238.38. The issue before the Court is whether petitioners may deduct certain employee business expenses when they elected to take the standard deduction in determining their taxable income. FINDINGS OF FACT Petitioners were residents of Oak Ridge, Tennessee at the time the petition in this case was filed. [2]
Petitioner is an enginner/metallurgist employed by Union Carbide Corporation. He reported wages of $30,487 in 1976. He *87 claimed an adjustment to income of $662.17 as employee business expenses on a Form 2106 attached as part of his 1976 return. He deducted "mileage, 2 trips to IRS" - $12.00 as a transportation expense. On the Form 2106, he also deducted under the heading "Employee Business Expenses which are Deductible if you Itemize Deductions on Schedule A" the following: "Books" - $184.81, "Graphics" - $57.48, "Calculator" - $71.95, "Storage" - $200.00, and "Dues" - $135.93. In addition to deducting in full the claimed amounts for the calculator and books, petitioner's return shows that he also took a 10 percent investment credit of $25.68 with respect to the same amounts. This credit was not put in issue by respondent. Petitioner chose not to itemize deductions on the Schedule A attached to his return. Instead he elected to take the benefit of a standard deduction of $2,800 as provided in sections 141 and 144 of the Internal Revenue Code of 1954. [3] Respondent disallowed the alleged expenses because petitioner had elected to use the standard deduction and these expenses did not qualify as deductions from gross income under section 62. *88 OPINION Petitioner stated that: [As] I feel that the standard deductions are designed for, shall we say the typical individual and so forth, and certain other individuals have additional expenses which the typical individual does not. Now, [under] those circumstances, it seems to me, that perhaps we're entitled to be able to declare our professional expenses in addition to the standard deduction. Whatever petitioner may believe, the decision as to what he may deduct is not his but is one made by Congress. Moreover, these deductions are a matter of legislative grace. A taxpayer seeking a deduction must be able to show that he comes within the express provisions of the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner has the burden of proving that respondent's determination is incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Under section 63 the election to take a standard deduction is in lieu of itemizing deductions except those set out in section 62. Moorman v. Commissioner, 26 T.C. 666 (1956); see Matteson v. Commissioner, 514 F.2d 43 (8th Cir. 1975), *89 affirming per curiam a Memorandum Opinion of this Court. Section 62 allows an employee to deduct business expenses as adjustments to gross income only if such expenses are encompassed by one of four categories: (a) reimbursed expenses, (b) expenses for travel away from home, (c) transportation expenses, or (d) outside saledsman expenses. Petitioner admitted during trial that none of the claimed expenses were (a) reimbursed by his employer Union Carbide Corporation, (b) expeses for travel away from home for Union Carbide, or (c) transporation expenses in the form of travel as an employee of Union Carbide, and that (d) he was not an outside salesman for Union Carbide. Since the claimed employee business expense deductions do not fall within any of these categories, the Court sustains respondent's disallowance of such deductions. Even in petitioner's expenses had been encompassed in a deductible category, which they were not, he utterly failed to substantiate them. Petitioner claimed that $12.00 for trips to the Internal Revenue Service were related to his employment because the trips were "required to protect his income." Initially petitioner stated that these were trips to *90 the Tax Court but believed after cross exaimination that they were to the Internal Revenue Service. What is critical here is that petitioner failed to prove that these and the other expenses were incurred in 1976. Petitioner described the books as technical and engineering books, but did not have a list of them, and introduced no evidence as to their cost. He could not "recall any particular book that I have bought that had been bought in that year." He claimed that the graphics were pictures hung on the wall in his "lab" at Union Carbide and that he used the calculator to do calculations which he found "important to do at home." The facts before us as to the storage deduction are different from those in 1974 and 1975, taxable years previously considered by this Court. [4] Here, the $200 storage deduction was merely petitioner's estimate of storing technical books at home. He only recited names of organizations to which he claimed he paid professional dues. Petitioner introduced no evidence on the points in *91 question and his testimony was totally unpersuasive. With respect to each item, we find that petitioner failed to substantiate the claimed expenses. Since he has failed to meet his burden of proof, the expenses must be disallowed. Decision will be entered for the respondent. Footnotes
1. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that Rule are not applicable to this case.
2. Since Marilyn N. Williams is a party to this proceeding solely because she filed a joint return with her spouse, Robin O. Williams will be referred to herein as petitioner.↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during 1976, unless other-wise indicated.↩
4. See Williams v. Commissioner, T.C. Summary Opinion, 1978-249, June 20, 1978, and Williams v. Commissioner↩, T.C. Summary Opinion 1979-9, January 8, 1979.