ROBERT W. LICKISS AND J. COLENE LICKISS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lickiss v. Commissioner
Docket No. 23872-92
United States Tax Court
T.C. Memo 1994-103; 1994 Tax Ct. Memo LEXIS 104; 67 T.C.M. (CCH) 2382; March 15, 1994, Filed *104 Decision will be entered for respondent. Robert W. Lickiss and J. Colene Lickiss, pro sese. For respondent: John W. Duncan. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for taxable year 1988 in the amount of $ 798. The principal issue for decision is whether deductible business expenses incurred by petitioner Robert W. Lickiss (petitioner) in the course of his employment are subject to the 2-percent floor on miscellaneous itemized deductions under section 67. As a result of respondent's determination that petitioner must deduct unreimbursed employee business expenses on Schedule A, rather than as an adjustment to gross income, respondent disallowed petitioners' claimed *105 deduction for contributions to individual retirement accounts, pursuant to the $ 50,000 adjusted gross income limitation on such deductions under section 219(g). This issue will be resolved by our decision on the employee business expense issue. Petitioner was employed as an outside salesman by Commerce Clearing House, Inc. (CCH) during 1988. He received commissions for subscription orders placed by customers he contacted within his sales territory. In the course of his employment, petitioner incurred expenses totaling $ 9,403 in 1988, which were reported on petitioners' 1988 joint Federal tax return at line 24, Form 1040, as an adjustment to gross income for "reimbursed employee business expenses". Respondent determined that petitioner received $ 394 in reimbursement for employee business expenses from CCH that was not reported as income on petitioners' 1988 tax return, and that the remaining amount ($ 9,009 of the $ 9,403 reported by petitioners as reimbursed employee business expenses) must be deducted by petitioner as unreimbursed employee business expenses with miscellaneous itemized deductions on Schedule A. Petitioner argues that he was reimbursed by CCH for all of the *106 employee business expenses he incurred, and is entitled to reduce his gross income by the amount of the reimbursed expenses. In the alternative, petitioner contends that he is a "statutory employee" under section 3121(d)(3) because he is a traveling or outside salesman, and that his business expenses, therefore, are deductible from gross income on Schedule C pursuant to Rev. Rul. 90-93, 1990-2 C.B. 33. Section 62(a)(2)(A) allows the deduction from gross income of expenses paid or incurred by a taxpayer in connection with the performance of services as an employee "under a reimbursement or other expense allowance arrangement with his employer." The threshold question presented, therefore, is whether petitioner's employee business expenses were incurred "under a reimbursement or other expense allowance arrangement with his employer." Petitioner contends his employee business expenses were incurred under a reimbursement or other expense allowance arrangement with CCH for purposes of section 62(a)(2). The commission schedule under which he was compensated was designed to reflect the employer's recognition that its sales personnel would incur *107 deductible business expenses in the course of their employment. Petitioner was not required to account to CCH for any expenses he paid or incurred, and he provided no documentation of business expenses to CCH. Petitioner did, however, provide an annual estimate of his anticipated expenses, which CCH used in determining the amount of his income subject to Federal income tax withholding. During 1988, petitioner's estimate of his anticipated employee business expense, which he provided to CCH for withholding purposes, was $ 100 per week. He testified that he intentionally understated his estimated expenses as a way of increasing the amount withheld from his income, in order to generate a tax refund each year. The expense estimate was made pursuant to the following provision in CCH's Order Department Manual (the CCH manual): Para. 108.02. Certificate of Estimated Expenses. -- The nature of the CCH business is such that an exact reimbursement for expenses cannot be made. However, expenses have been taken into account in fixing the rates of commission, and, as a matter of fact, the House recognizes that certain expenses are, necessarily, incurred in connection with the operation *108 of any territory. Each year representatives are asked to make a reasonable estimate of their deductible business expenses for the ensuing calendar year, based on prior experience in the territory, and to submit a certificate specifically authorizing the House to exempt such estimated expenses from withholding. No withholding is made on these estimates of expenses and no additional payment is made for them, it being understood that they are included in the regular commission payment. A certificate form is supplied for the purpose, but it is emphasized that the responsibility for the authorization and the accuracy of the estimate is entirely the representative's. Because the company is required to exercise due diligence in exempting business expenses from withholding, the right is reserved to reduce the amounts authorized if they appear to be unreasonably high.
Petitioner generally did not receive reimbursement for expenses separate from his commission payments. [2] However, the statements of earnings and deductions prepared by CCH for petitioner indicate a separate amount for expenses of $ 100 per week which CCH exempted from Federal income tax withholding. With the exception *109 of $ 100 per week, the commissions petitioner received were treated as wages by CCH for purposes of Federal income tax withholding. Respondent argues that the CCH procedure does not constitute a reimbursement or other expense allowance arrangement because petitioner was not required to substantiate his expenses to his employer. We note that for taxable years beginning after December 31, 1988, section 62(c) would prohibit construing the CCH expense certification procedure as a reimbursement or expense allowance arrangement for purposes of section 62(a)(2) because the employee was not required to substantiate the expenses covered to the person providing reimbursement. However, section 62(c) is not applicable to petitioner's 1988 taxable year. [3]
*110 Section 1.62-1T(e), Temporary Income Tax Regs., 53 Fed. Reg. 9874 (Mar. 28, 1988), provides that deductible business expenses paid or incurred by an employee "pursuant to an express expense allowance arrangement may be deducted from gross income in computing adjusted gross income." The phrase "express expense allowance arrangement" is not found in the statute, and is not defined in the regulations. Section 1.62-1T(f), Temporary Income Tax Regs., 53 Fed. Reg. 9874 (Mar. 28, 1988), provides, in pertinent part: (f) Reimbursement or other expense allowance arrangement. For purposes of this section, the phrase "reimbursement or other expense allowance arrangement" means advances, allowances * * * or reimbursements received by a taxpayer for business expenses * * * paid or incurred by the taxpayer in connection with the performance of services by him or her as an employee under a reimbursement or other expense allowance arrangement with the employer * * *. In addition, the reimbursement or other expense allowance arrangement must be identified either by making a separate payment or by specifically indicating the separate *111 amount if both wages and the reimbursement or expense allowance are combined in a single payment. It shall be presumed that any amounts treated as compensation to an employee by an employer on the employer's return of tax under chapter 1 of the Code and as wages to such employee for purposes of chapter 24 of the Code (relating to withholding of income tax at source on wages) do not constitute reimbursements or other expense allowances for purposes of section 62 and this section. This presumption may be rebutted by clear and convincing evidence to the contrary that includes evidence of an obligation by the employee to make an adequate accounting (as defined in section 1.274-5(e)(4)) to the employer for the employee's business expenses.
Thus, neither the statute nor the temporary regulations in effect for taxable year 1988 require substantiation of expenses to the employer for a reimbursement or other expense allowance arrangement to qualify under section 62(a)(2). Accordingly, lack of substantiation of the expenses to the employer is not the critical factor in deciding whether petitioner's expenses were incurred under a reimbursement or other expense allowance plan in 1988. *112 The facts in the instant case are similar in certain respects to those found in Moorman v. Commissioner, 26 T.C. 666 (1956). During taxable years 1949, 1950, and 1951, Mr. Moorman was employed by a corporation in underwriting and managing several mutual investment funds. Mr. Moorman supervised sales and distribution of the mutual investment funds in a territory consisting of several states. His duties, generally, consisted of traveling through his territory, interesting dealers in securities in the offerings of the corporation, and getting the dealers to sell the investment funds to the public. He kept daily records of his expenses and the mileage of his automobile used on business trips, from which he compiled a monthly summary that he sent to his employer. Mr. Moorman was entitled to commissions on all sales of securities that were made by dealers in his territory. Under the terms of his employment contract, the employer agreed, with respect to expenses incurred by Mr. Moorman: The Company will reimburse you for all of your expenses which we approve, including compensation of any people employed by you, traveling expenses, telegraph and *113 telephone expenses (except as noted below), and entertainment expenses, but we will deduct the same from the commissions payable to you under this contract. * * * A record of your monthly expenses is to be in our office no later than the fourth business day of the following month. * * * If this record is received by us and the expenses approved before the settlement of your commission account for the previous month, we will exempt the total amount of your expenses from your monthly earnings in calculating your withholding tax on earnings. If we do not get this record from you, it will be necessary for us to take out the withholding tax on your entire gross earnings. [Moorman v. Commissioner, supra at 668.]
We held that Mr. Moorman was entitled to deduct, in computing adjusted gross income, proper amounts representing expenses of travel, meals, and lodging while away from home in the pursuit of his trade or business under section 22(n)(2), I.R.C. 1939. [4] However, we decided that Mr. Moorman's other business expenses were not deductible in computing adjusted gross income because the contract with the employer did not create a reimbursement *114 or other expense allowance arrangement under section 22(n)(3). In so holding, we stated: the employment contract provided for the payment to the petitioner of commissions * * * and these commissions represented compensation to him for his services. We think that is what he received and nothing more. The substance of the employment contact was that he was to receive his commissions and pay whatever expenses he found it necessary to incur in earning his commissions. The amount which he would receive was determinable without reference to the amount of expenses which he might incur. Thus, although the contract states that the petitioner will be reimbursed for his expenses, the claimed effect thereof as a reimbursement arrangement within the meaning of the statute is destroyed by the further provision that "we will deduct the same from the commissions." * * * [Moorman, supra at 677.]
*115 In the instant case, it is clear from the language of the CCH manual (which specifically provides that no separate reimbursement would be made for expenses) and the testimony of the witnesses at trial that petitioner's expenses were paid and subtracted from his commission income and were not separately reimbursed by his employer. On this record, under the rationale of Moorman v. Commissioner, supra, we conclude that petitioner has not established that he was reimbursed or allowed employee business expenses by CCH under a reimbursement or other expense allowance arrangement for purposes of section 62(a)(2). [5]
Petitioner's *116 alternative argument is that as a traveling salesman, he is entitled to deduct his employee business expenses on Schedule C pursuant to section 3121(d)(3)(D) and Rev. Rul. 90-93, 1990-2 C.B. 33. [6] Section 3121(d) defines "employee" for employment tax purposes as follows: (d) Employee. For purposes of this chapter, the term "employee" means -- (1) any officer of a corporation; or (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or (3) any individual (other than an individual who is an employee under paragraph (1) or (2)) who performs services for remuneration for any person -- * * * (D) as a traveling or city salesman, other than as an agent-driver or commission-driver, engaged upon a full-time basis in the solicitation on behalf of, and the transmission to, his principal (except for side-line sales activities on behalf of some other person) of orders from wholesalers, retailers, contractors, or operators of hotels, restaurants, or other similar establishments for merchandise for resale or supplies for use in their business *117 operations;
Thus, under section 3121(d)(3), the provisions of section 3121(d)(3)(D) only apply if a traveling salesman does not have the status of an employee under the usual common-law rules applicable in determining the employer-employee relationship. Petitioner stipulated that he was an employee of CCH in 1988, and the CCH manual under which petitioner worked provides that he was prohibited from undertaking any other employment, was required to be active 5 days per week (authorized holidays excepted), and received typical employee benefits from CCH such as paid vacations, sick benefits, and participation in the CCH pension and deferred compensation *118 plans. We find that petitioner had the status of an employee under the usual common-law rules for determining an employer-employee relationship. Therefore, section 3121(d)(3)(D) and Rev. Rul. 90-93, 1990-2 C.B. 33 are not applicable to petitioner. We hold that none of petitioner's employee business expenses are deductible from his gross income in computing adjusted gross income, and sustain respondent's determination that such amounts are deductible as itemized miscellaneous deductions subject to the 2 percent of adjusted gross income limitation under section 67(a). As a result, respondent's determination that petitioners' individual retirement account contribution deduction is limited by section 219(g) is also sustained. For completeness, we will briefly discuss petitioners' remaining arguments: (1) That respondent should be estopped from asserting the deficiency for taxable year 1988 because on similar facts the same issue for taxable year 1987 was settled in petitioners' favor through an administrative appeal; (2) that in failing to apply the provisions of Rev. Rul. 90-93, supra, to petitioner, *119 the Internal Revenue Service denied equal protection of the laws to petitioner, particularly since petitioner alleges that another CCH salesman similarly situated was allowed the benefit of Rev. Rul. 90-93, supra; and (3) that the 2-percent floor on miscellaneous itemized deductions in section 67 results in deprivation of property without due process, in violation of the Fifth Amendment to the United States Constitution. It is well established that respondent cannot be estopped from asserting a position as in the instant case, even though no objection was raised to similar circumstances in prior years. Easter v. Commissioner, 338 F.2d 968 (4th Cir. 1964), affg. per curiam T.C. Memo. 1964-58; Rose v. Commissioner, 55 T.C. 28, 32 (1970). Petitioners argue that limiting petitioner's employee business expenses by 2 percent of petitioners' adjusted gross income, while other traveling salesmen may deduct business expenses without such limitation under Rev. Rul. 90-93, supra, violates their constitutional rights *120 to due process and equal protection of the laws. The Due Process Clause of the Fifth Amendment provides protection against Federal discriminatory action "so unjustified as to be violative of due process." Shapiro v. Thompson, 394 U.S. 618, 642 (1969); Bolling v. Sharpe, 347 U.S. 497 (1954). Further, the Due Process Clause of the Fifth Amendment has been held to incorporate the equal protection clause of the Fourteenth Amendment. Ward v. Commissioner, 608 F.2d 599 (5th Cir. 1979), affg. per curiam T.C. Memo. 1979-39; Stevenson v. Commissioner, T.C. Memo. 1981-127. Under equal protection analysis, a classification in a Federal statute is subject to strict scrutiny only if it impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class. Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312 (1976); San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 16-17, (1973). Neither of these circumstances *121 is present here. Consequently, the rational basis standard is appropriate for application here. Where a rational basis exists for differing treatment of different classes of persons under a tax statute, the statute is not in violation of the Fifth Amendment because of the different treatment. Regan v. Taxation with Representation of Washington, 461 U.S. 540 (1983); United States v. Maryland Savings-Share Ins. Corp., 400 U.S. 4 (1970). Under this standard, generally a differentiation in the types of deductions allowed is not violative of equal protection principles "if any state of facts rationally justifying it is demonstrated to or perceived by the courts." United States v. Maryland Savings-Share Ins. Corp., supra at 6. Moreover, it is especially difficult to demonstrate that no rational basis exists for a classification in a revenue measure for which the presumption that an Act of Congress is constitutional is particularly strong. Black v. Commissioner, 69 T.C. 505, 507-508 (1977); Nammack v. Commissioner, 56 T.C. 1379, 1383 (1971), *122 affd. per curiam 459 F.2d 1045 (2d Cir. 1972), cert. denied 409 U.S. 991 (1972). Deductions from income are allowed only as a matter of legislative grace, not as a matter of right. Commissioner v. Sullivan, 356 U.S. 27, 28 (1958); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). In petitioners' case, we find that the legislative classification is constitutional. Facts exist which rationally justify the classification in section 67 providing a deduction for an employee's business expenses as miscellaneous itemized deductions only in excess of 2 percent of adjusted gross income, while business expenses incurred by independent contractors may be deductible without such limitation under other provisions of the Internal Revenue Code. [7]
*123 Petitioner alleges in his brief that another salesman at CCH, similarly situated to petitioner, was allowed deductions by the Internal Revenue Service for his employee business expenses under Rev. Rul. 90-93, rather than as miscellaneous itemized deductions. However, no evidence to that effect was presented at trial. Moreover, it has long been the position of this Court that our responsibility is to apply the law to the facts of the case before us and determine the tax liability of the parties before us; how the Commissioner may have treated other taxpayers has generally been considered irrelevant in making that determination. Penn-Field Industries, Inc. v. Commissioner, 74 T.C. 720, 722 (1980); Davis v. Commissioner, 65 T.C. 1014, 1022 (1976), and cases cited therein. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Neither party addressed respondent's determination that petitioner received reimbursement for employee business expenses in the amount of $ 394, and this item is not explained in the record.↩
3. Sec. 62(c), added by the Family Support Act of 1988, Pub. L. 100-485, sec. 702(a), 102 Stat. 2343, is made applicable to taxable years after Dec. 31, 1988, by sec. 702(b) of that Act.↩
4. As in effect during the taxable years at issue in Moorman v. Commissioner, 26 T.C. 666, 675 (1956), sec. 22(n) provided, in applicable part: (n) Definition of "Adjusted Gross Income". -- As used in this chapter the term "adjusted gross income" means the gross income minus -- * * * (2) Expenses of travel and lodging in connection with employment. -- The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee; (3) Reimbursed expenses in connection with employment. -- The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer;↩
5. In any event, amounts in excess of the $ 100 per week which CCH exempted from withholding would be presumed to not constitute reimbursements or other expense allowances under sec. 1.62-1T(f), Temporary Income Tax Regs., 53 Fed. Reg. 9875↩ (Mar. 28, 1988). No evidence to rebut the presumption under the temporary regulation was presented.
6. Rev. Rul. 90-93, 1990-2 C.B. 33↩, clarifies that an individual treated as an employee under sec. 3121(d)(3) for employment tax purposes, who would otherwise be categorized as an independent contractor, is not considered an employee for purposes of secs. 62 and 67, and therefore may deduct business expenses on Schedule C.
7. See Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1986, at 78 (J. Comm. Print 1987): The Congress concluded that the prior-law treatment of employee business expenses, investment expenses, and other miscellaneous itemized deductions fostered significant complexity, and that some of these expenses have characteristics of voluntary personal expenditures. For taxpayers who anticipated claiming such itemized deductions, prior law effectively required extensive recordkeeping with regard to what commonly are small expenditures. Moreover, the fact that small amounts typically were involved presented significant administrative and enforcement problems for the Internal Revenue Service. These problems were exacerbated by the fact that taxpayers frequently made errors of law regarding what types of expenditures were properly allowable under prior law as miscellaneous itemized deductions.
Since many taxpayers incur some expenses that are allowable as miscellaneous itemized deductions, but these expenses commonly are small in amount, the Congress concluded that the complexity created by prior law was undesirable. At the same time, the Congress concluded that taxpayers with unusually large employee business or investment expenses should be permitted an itemized deduction reflecting that fact. Similarly, in the case of medical expenses and casualty losses, a floor is provided (under prior and present law) to limit those deductions to unusual expenditures that may significantly affect the individual's disposable income. Accordingly, the Congress concluded that the imposition of a two-percent floor on miscellaneous itemized deductions constituted a desirable simplification of the tax law. This floor will relieve taxpayers of the burden of recordkeeping unless they expect to incur expenditures in excess of the floor. Also, the percentage floor will relieve the Internal Revenue Service of the burden of auditing deductions for such expenditures when not significant in aggregate amount. [Fn. ref. omitted.]↩