JULIO S. AND JOAN K. MAZZOTTA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7177–70SC. Filed December 23, 1971.

---

428

Julio S. Mazzotta, pro se.

*Edward D. DeFranceschi*, for the respondent.

IRWIN, *Judge:* Respondent determined the following deficiencies in petitioners' income taxes:

| Year | Deficiency |
|------|------------|
| 1965 | $163.82 |
| 1966 | 263.03 |
| 1967 | 233.90 |

Petitioner did not dispute in his petition respondent's disallowance in part of a depreciation deduction. Accordingly, the issues for determination are the following: (1) Whether petitioner may deduct under section 162 [1] the cost of traveling from his major post of employment to his residence where he maintained a minor post of employment; and (2) whether petitioner may deduct the cost of eating meals in his home and at the Knights of Columbus lodge, where petitioner also conducted some of the business of his minor post of employment.

FINDINGS OF FACT

Some of the facts have been stipulated and they are so found.

Petitioners are Julio S. Mazzotta (hereafter petitioner) and Joan K. Mazzotta, husband and wife, who resided at Cider Mill Road, Rockfall, Conn., at the time that the petition herein was filed. Petitioners filed their Federal income tax returns for the taxable years 1965, 1966, and 1967 with the district director of internal revenue, Hartford, Conn.

From January 1, 1965, to July 2, 1967, petitioner was employed as an office auditor at the New Haven, Conn., office of the Internal Revenue Service. From July 3, 1967, to December 31, 1967, petitioner was employed as a revenue agent at the Bridgeport office of the Internal Revenue Service.

During all of the years in issue, petitioner was also employed as treasurer of the Middletown Columbus Federal Credit Union. The books and records of the credit union are maintained at an office petitioner has established in his residence. Petitioner also saw customers

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended.

of the credit union in his residence on a regular basis in evenings and on weekends.

The distance from petitioner's residence to the Internal Revenue Service office in New Haven, Conn., is 32 miles. The distance from petitioner's residence to the Internal Revenue Service office in Bridgeport, Conn., is 50 miles. The distance from petitioner's residence to the Middletown Knights of Columbus Hall, where petitioner conducted a portion of the credit union's business, is 7 miles.

On most days petitioner traveled from his residence to his major post of duty, in either New Haven or Bridgeport, and returned in the early evening; however, on Mondays and Fridays petitioner merely stopped at his residence to pick up the books and records of the credit union in the evening while en route to the Knights of Columbus Hall. Petitioner deducted in both years the cost of driving from his major post of employment to his residence in the evening.

Petitioner claimed as a deduction the cost of meals eaten at his residence and at the Knights of Columbus Hall in the evening while conducting credit union business. The following table represents a breakdown of the claimed deductions:

| Year | Residence | K of C Hall | Total |
|---|---|---|---|
| 1966 | $396 | $264 | $660 |
| 1967 | 198 | 312 | 510 |

OPINION

Petitioner's contention is that his "home" for tax purposes is his major place of employment and that the cost of traveling from his tax "home" to his secondary place of employment is deductible. See Rev. Rul. 60-189, 1960-1 C.B. 60; and *Chandler* v. *Commissioner*, 226 F. 2d 467 (C.A. 1, 1955). Because petitioner's secondary place of employment is his personal residence, petitioner argues that the cost of traveling to his residence in the evening is deductible. Petitioner's logic presents us with a paradox: When he is at his residence, he is not at "home" but at work. We can resolve this tax problem without trying to solve petitioner's conundrum. The primary motivation for petitioner's trips from his major place of employment to his residence was personal. The primary purpose for these trips was to be home (in the popular sense of the term). We do not believe petitioner's statement that he would not have returned to his residence each evening had he not conducted business there. Accordingly, the trips from the major post of employment were not incurred in the course of petitioner's trade or business. *Commissioner* v. *Flowers*, 326 U.S. 465 (1946).

Petitioner makes similar arguments about being "away from home" while conducting the business of the credit union in order to make the cost of evening meals taken at his residence or at the Knights of Columbus Hall appear deductible. While petitioner may have eaten meals while conducting business at his residence, he did so for the sake of his own convenience. The meals taken at his residence were an incident of his home and family life and not his business. While petitioner may have been "away from home" when tending to the credit union's business at the Knights of Columbus Hall, he ceased to be "away from home" when he returned to his residence. Because petitioner was able to return to his residence each night, the cost of his meals taken "away from home" is not deductible. *United States* v. *Correll*, 389 U.S. 299 (1967).

In view of the foregoing, we sustain respondent's disallowance of both the traveling expenses and the meal expenses.

*Decision will be entered for the respondent.*