Frank B. MATTESON and Maxine Z. Matteson, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 74-1909.

United States Court of Appeals, Eighth Circuit.

March 26, 1975.

Thomas J. Stephens, Stephens & Drake, Grant City, Mo., for appellants.

Scott P. Crampton, Asst. Atty. Gen., and Gilbert E. Andrews, Gary R. Allen, and James E. Crowe, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This appeal is from a United States Tax Court decision finding deficiencies in appellants' federal income tax payments for 1967, 1968 and 1969. We affirm the order of the Tax Court.

The Mattesons, appellants, are husband and wife, living in Grant City, Missouri; he is a medical doctor in general practice and she is a registered nurse. Dr. Matteson is the only doctor in the county in which appellants reside and he travels between three hospitals in surrounding counties. He also makes house calls, is county coroner and is active in civic affairs.

Mrs. Matteson is director of nursing service at a hospital in Maryville, Missouri, and she drives from appellants' home in Grant City to Maryville every work day, leaving home at about 7:00 a. m. and returning at approximately 5:30 p. m. In the evenings Mrs. Matteson assists her husband by relaying messages to him by the telephone in his car. She also dispenses medicines which he has prescribed and prepared. She has treated minor injuries at their home, and those she felt she could not treat she would refer to the hospital. She sometimes assisted her husband in treating emergencies in his office. The office and medical equipment and appellants' home and personal property were owned by both of them as tenants by the entirety. They have six children.

The Mattesons dispute the disallowance of two types of deductions: Mrs. Matteson's travel expenses between her home and Maryville and her nurse's uniforms and professional dues.

■ Appellants contend that the travel expenses are deductible because her primary place of business is Maryville and she returns to her home in order to conduct a trade or business with her husband. They believe that section 162[1] allows deduction of the amount spent in travel between Mrs. Matteson's "tax home," i.e. her job in Maryville, and her "trade or business," i.e. her home. This argument is without merit. It has long been settled that commuting expenses are not deductible. Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946); Mazzotta v. Commissioner, 57 T.C. 427 (1971), aff'd, 465 F.2d 1399 (2d Cir. 1972) (rejecting the same argument appellants pose here). The Court in *Flowers*, interpreting the predecessor[2] of section 162, stated: "The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors." 326 U.S. at 474, 66 S.Ct. at 254. The Tax Court found that the primary reason for Mrs. Matteson's travel was so she could return to her home and family each night. We do not find this factual determination to be clearly erroneous; hence it may not be disturbed on appeal. § 7482(a); Fed.R. Civ.P. 52(a); Camien v. Commissioner, 420 F.2d 283, 285 (8th Cir. 1970).

■■ Also at issue are deductions for Mrs. Matteson's nurse's uniforms and professional dues paid in 1967 and 1969. In both years appellants took the standard deduction on their joint return. When an individual elects to take the standard deduction, Code section 63 provides that only items in section 62 may be deducted. The latter section allows deductions of expenses attributable to the taxpayer's trade or business "if such

---

1. All statutory references are to the Internal Revenue Code of 1954 as amended, 26 U.S.C. § 1 et seq., unless otherwise indicated.

2. Internal Revenue Code of 1939 § 23(a)(1)(A).

trade or business does not consist of the performance of services by the taxpayer as an employee." The taxpayer has the burden of disproving the Commissioner's determination. Camien v. Commissioner, *supra*, 420 F.2d at 285. The only evidence concerning the nurse uniforms was that Mrs. Matteson was required to wear them as an employee of the St. Francis Hospital in Maryville. No evidence was introduced concerning the professional dues. Under these circumstances the Tax Court's conclusion that these expenses were incurred by Mrs. Matteson as an employee was not clearly erroneous. Camien v. Commissioner, *supra*, 420 F.2d at 285. Accordingly, the order of the Tax Court finding deficiencies in appellants' income taxes for 1967, 1968 and 1969 in the total amount of $1610.53 is affirmed.