JOHN L. DEAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dean v. Commissioner
Docket No. 8961-74.
United States Tax Court
T.C. Memo 1976-379; 1976 Tax Ct. Memo LEXIS 24; 35 T.C.M. (CCH) 1706; T.C.M. (RIA) 760379; December 8, 1976, Filed John L. Dean, pro se. George T. Morse, III, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent has determined deficiencies in petitioner's Federal income tax for the taxable years 1970 and 1971 in the amounts of $1,059.10 and $545.55, respectively. Due to concessions *25 by the parties, the issues for our determination are: (1) Whether petitioner is entitled to deduct as a business expense, pursuant to section 162(a)(2), [1] the cost of round trip air transportation from Kansas City, Missouri to New York, New York, while employed as a pilot for a commercial airline; and (2) whether petitioner is entitled to deduct as taxes the cost of city automobile stickers, state automobile licenses, city telephone taxes, city utility taxes and tolls pursuant to section 164. FINDINGS OF FACT None of the facts have been stipulated. Petitioner, John L. Dean, resided in Kansas City, Missouri at the time the petition was filed in this case. Petitioner filed his 1970 and 1971 Federal income tax returns with the director, internal revenue service center, Kansas City, Missouri. During the taxable years in question petitioner was employed as a first officer by Trans World Airlines (TWA). Upon employment by TWA in February 1966, petitioner moved his residence from New Orleans, Louisiana to Kansas City, Missouri. Initially, *26 petitioner's assigned duty "domicile" [2] with TWA was also Kansas City. However, beginning in approximately May 1967, petitioner was assigned as a first officer on international flights for TWA which required assignment of Kennedy International Airport near New York, New York as his domicile. Thus, for petitioner to meet his scheduled international flights it was necessary for him to fly from Kansas City, Missouri, to New York, New York. On the return of his international flights, petitioner returned from New York to Kansas City. Except for a brief assignment in 1967, in Los Angeles, California, petitioner's domicile for TWA continued to be Kennedy International through the taxable years 1970 and 1971. Intermittently petitioner was displaced from assignment as an international flight officer to a domestic flight officer but his duty domicile remained New York City. *27 In addition to his duties with TWA, petitioner was an officer in the United States Air Force Reserve. Prior to 1967, petitioner's post of duty for the reserves was located in New Orleans, Louisiana. After moving to Kansas City, Missouri, petitioner traveled to New Orleans as was necessary to attend reserve meetings for approximately 1 year, until he was able to effect a transfer to a reserve unit at Richards-Gebaur Air Force Base located in the Kansas City area. During the taxable years 1970 and 1971, petitioner's post of duty for the reserves continued to be Richards-Gebaur Air Force Base. During 1970, petitioner's income included wages from the Air Force Reserve and from TWA in the amounts of $2,930.25, and $26,621.54, respectively. During 1971 petitioner's income included wages from the same sources in the amounts of $70.88 and $27,395.94, respectively. On his 1970 and 1971 Federal income tax returns, petitioner deducted $1,722.07 and $1,273.64, respectively, for the cost of round trip air fare from Kansas City, Missouri to New York City, New York. Respondent disallowed these deductions as personal commuting expenses. Petitioner also deducted several items, claimed *28 as deductions for taxes. Of these items respondent disallowed the following: 1970
1971
City Auto Sticker
$ 8.50
$ 8.50
Missouri Auto License
25.00
25.00
Telephone Tax (50%)
3.12
6.60
City Utility Tax
9.16
15.07
Tolls
12.30
14.40
Total
$58.08
$69.57
Respondent disallowed these items on the ground that they did not qualify as deductible taxes. OPINION The first issue for our determination is whether the cost of petitioner's round trip air fare between Kansas City and New York City is deductible under section 162. [3]
Section 162 allows as a deduction all the ordinary and necessary traveling expenses incurred while away from home in the pursuit of a trade or business. As *29 the Supreme Court noted in Commissioner v. Flowers,326 U.S. 465, 470 (1946), this provision contains three distinct requirements, each of which must be present if the deduction is to be sustained: (1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. Whether petitioner's air fare expense qualifies under these tests is a question of fact. Flowers,supra at 470. The law is settled that personal commuting expenses fail to qualify as deductions under the tests enumerated in Flowers. Russell Anderson,60 T.C. 834 (1973); Thomas J. Green, Jr.,59 T.C. 456 (1972); *30 secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. We note that petitioner's choice to reside in Kansas City arose from his personal preference. Thus, considered by itself, petitioner's travel between his Kansas City residence and Kennedy International Airport, where he reported for duty with TWA, would be a nondeductible personal commuting expense. Petitioner contends, however, that his traveling expenses are deductible because they were incurred while traveling between places of employment, the Air Force Reserve at Richards-Gebaur Air Force Base near Kansas City and TWA at Kennedy International Airport near New York City. Ordinary and necessary travel expenses incurred in traveling between places of employment are deductible if incurred in pursuit of business. James A. Kistler,40 T.C. 657 (1963); William L. Heuer, Jr.,32 T.C. 947 (1959), affd. per curiam 283 F. 2d 865 (5th Cir. 1960). In petitioner's case, Kennedy International Airport qualifies as his principal place of employment. Also, petitioner's employment in the reserves at Richards-Gebaur Air Force Base qualifies as a trade or business within the purview of section 162. *31 Rev. Rul. 55-109, 1955-1 C.B. 261. However, it does not necessarily follow that the expenses incurred by petitioner in traveling between places of employment are ordinary and necessary business expenses. Deductibility is dependent on whether the travel is undertaken for business reasons. Julio S. Mazzotta,57 T.C. 427, 429 (1971), affd. per curiam 465 F. 2d 1399 (2d Cir. 1972); Arthur C. Puckett, Jr.,56 T.C. 1092, 1098 (1971). "The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors." Flowers,supra at 474. Thus, the ultimate question in the instant case is whether petitioner's travel between Kansas City and New York City was motivated by business considerations. We find that petitioner did not travel between Kansas City and New York for business reasons. Petitioner traveled because of his personal desire to reside in Kansas City. Therefore, petitioner's air fare is a nondeductible commuting expense. Compare Matteson v. Commissioner,514 F. 2d 43 (8th Cir. 1975), affg. per curiam a Memorandum Opinion of *32 this Court; with Arthur C. Puckett, Jr.,supra.
This finding is necessitated by the circumstances surrounding petitioner's employment in the Air Force Reserve. Petitioner did not travel to Kansas City solely to serve in his reserve unit. Rather, the location of his reserve unit assignment was incidental to his selection of the locality for his personal residence. Cf. Mazzotta,supra at 429. There has been no showing that it was necessary for petitioner to be assigned to a reserve unit in Kansas City. When petitioner first moved to Kansas City from New Orleans he successfully, albeit with some difficulty, transferred to a reserve unit closer to his new residence. Apparently, petitioner has made no effort to transfer to a reserve unit in the New York City area. Apart from petitioner's selection of Kansas City for personal reasons as his residence, we conclude that petitioner would not have incurred substantial travel expense [4] which he may have avoided by seeking to transfer reserve units. *33 Petitioner has not met his burden of proof; therefore, we must sustain respondent's determination that the travel expenses incurred by petitioner are nondeductible personal living expenses pursuant to section 262. [5]Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We hold that the air fare petitioner incurred in traveling between New York and Kansas City fails to qualify as deductible travel expense.
Our inquiry next focuses on the deductibility of the itemized expenses which petitioner claimed as deductible tax expenses. We sustain respondent's disallowance of the amounts claimed as tolls. [6] Tolls do not qualify for deduction as taxes within the scope of section 164. [7] See Donald L. Cox,41 T.C. 161 (1963). Similarly, petitioner has failed to carry his burden to qualify as deductible taxes the remaining items, claimed by him to be state and local personal property taxes and general sales taxes. Indeed, *34 petitioner's vague descriptions of the items suggest they clearly do not qualify. See secs. 1.164-3(c) and (f), Income Tax Regs. We hold that the enumerated items claimed by petitioner do not qualify as deductible taxes within the meaning of section 164. *35 To give effect to certain other adjustments, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise indicated.↩
2. "Domicile" is the term used by petitioner and the airlines to denote an employee's assigned airport to which he must report for duty. Petitioner served on flights that originated at his domicile or was transported from his domicile at company expense to serve on flights originating at other airports. Petitioner was responsible for expenses occasionally incurred in reaching his domicile.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩
4. The expense incurred by petitioner was substantial in both an absolute sense and in relation to the amount of income realized from his employment with the Air Force Reserve. Petitioner incurred air fare expenses of $1,722.07 in 1970, and $1,273.64 in 1971, while earning from his employment with his reserve unit during the same years $2,930.25 and $70.88, respectively.↩
5. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
6. At trial and on brief petitioner asserted as an alternative basis for the deduction of the tolls that the tolls were ordinary and necessary expenses incurred in travel between his places of employment. However, petitioner's evidence is insufficient to show that these tolls were ordinary and necessary incremental expenses incurred in pursuit of his Reserve employment and properly allocable to travel between places of employment. Therefore, our analysis and holding with respect to the nondeductibility of petitioner's air fare applies with equal force to his alternative argument for the deductibility of the tolls. ↩
7. SEC. 164. TAXES (a) General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: * * *
(2) State and local personal property taxes. * * *
(4) State and local general sales taxes. * * *↩