JOHN S. KING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 1620-78.
United States Tax Court
T.C. Memo 1980-373; 1980 Tax Ct. Memo LEXIS 209; 40 T.C.M. (CCH) 1197; T.C.M. (RIA) 80373; September 11, 1980, Filed *209 Held: Amount of deductions to which petitioner is entitled determined. John S. King, pro se. Willard N. Timm, Jr., for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies of $2,009.99 and $1,829.14 in petitioner's income tax for the taxable years 1974 and 1975, respectively. Due to concessions the only issue for our decision is whether petitioner is entitled to deductions for himself and his wife for claimed employee business expenses. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner, John S. King and his wife, Kathryne A. King, *210 filed joint income tax returns for the taxable years 1974 and 1975 with the Internal Revenue Service Center, Chamblee, Georgia. At the time he filed his petition herein, petitioner resided in Atlanta, Georgia. [1]
Kathryne, during a trip to Greece prior to February of 1974, became interested in starting a wholesale constume jewelry business. Upon her return to the United States on February 21, 1974, she began operation as a sole proprietorship of a wholesale costume jewelry business. On or about July 1, 1974, business had increased to the point that it was necessary to contract with salesmen on a commission basis to sell the jewelry in Texas and California. Because of the increased probability of personal liability on the part of Kathryne as a result of acts of the salesmen, the sole proprietorship was incorporated as Kappy, Inc., on July 19, 1974, in the State of Georgia. Kathryne was and remains president and John was and remains secretary and treasurer of that corporation. During 1974 and 1975, the corporation had no salaried employees but both Kathryne and John performed services *211 in 1974 and 1975 for the corporation without pay. They each drew a $5,000 salary in 1976. Kappy, Inc. had taxable income in 1974 of $190 and in 1975 of $4,230. Kathryne's activities on behalf of the corporation involved the day-to-day administrative work of the business, including packaging and delivering packages to the airport, post office and United Parcel Services, and manning a booth at weekend flea markets.She also took foreign and domestic trips involving 40 days of travel to purchase goods and to resolve personnel problems involving salesmen of Kappy, Inc. Kathryne claimed $1,502.91 in travel, meals and lodging on the 1975 return, but was later able to substantiate $2,186.53 of expenses. John and Kathryne claimed a deduction of $78 in 1974 for telephone charges of which amount $55 was disallowed as not being ordinary and necessary business expenses or shown to be for the purpose intended. Kathryne also claimed a deduction of $306.61 for telephone charges for 1975 in connection with Kappy, Inc. All of this amount was substantiated, but respondent disallowed the entire amount as not being an ordinary or necessary business expense of Kathryne. Kappy, Inc.'s offices *212 occupied 733 square feet or 25 percent of John and Kathryne's 2,841 square foot home. The cost of the house in 1972 and $65,000 with $5,000 allocated to the land. The house has a useful life of 35 years. Yearly depreciation on 25 percent of the home over 35 years amounts to $723.57. Kappy, Inc. paid no rent to John and Kathryne in 1974 or 1975 for the use of their home. Kathryne claimed a business expense deduction of $800 in 1974 and $1,200 in 1975 in connection with the use of the home for the offices of Kappy, Inc. All of this amount was disallowed by respondent as unsubstantiated (above the $723.57 yearly depreciation) [2] and as not being shown to be an ordinary and necessary business expense of Kathryne. Kathryne expended $82.56 in entertainment expenses on behalf of the corporation in 1975. The entire amount was disallowed by respondent as not being shown to be *213 an ordinary and necessary business expense of Kathryne. Kathryne expended $30 for French lessons which amount was substantiated. Respondent disallowed the entire amount in full because petitioner did not establish that such expenditure was an ordinary and necessary business expense of Kathryne. Kathryne claimed as employee business expenses automobile expenses which were substantiated as to amounts as follows: 1974
Toyota
$ 581
Cadillac
621
1975
Cadillac
2,012
These amounts were disallowed by respondent because the amounts were not shown to be ordinary and necessary business expenses of Kathryne or expended for the purpose intended. Respondent now concedes that of the $581 disallowed in 1974 on the Toyota, $240.50 should be allowed for the 5 month period of operation of the sole proprietorship.
Kathryne and John paid these amounts and used their own cars because the company did not have sufficient cash flow to cover the expenses or purchase a company car. As the company began generating a larger profit, it began to pay its expenses. During all of 1974 and 1975, John's principal employment was with Eastern Airlines as a pilot. In 1973, John bid *214 for and was awarded a route which required him to fly out of Newark, New Jersey, during 1974. He chose to maintain an apartment in nearby Queens, New York. His family, however, remained in Atlanta at the family residence. In 1975, he bid for and was awarded a flight out of Atlanta. Later, in December 1975, because of the opportunity for a better flight, he accepted a bid to fly out of New York. John spent a total of 154 days during 1974 and the months of January through November 1975 and 19 days in December of 1975 with his family in their Atlanta home. Prior to the time John and Kathryne became involved with Kappy, Inc., John returned to Atlanta while stationed in Newark about as frequently as he did after he became involved with Kappy, Inc. John claimed in connection with his travel to Atlanta airline service charge fees of $500 in 1974, of which he substantiated $435, and $35 in 1975, all of which was substantiated. All of these amounts were disallowed by respondent as not being substantiated entirely or as not being ordinary and necessary business expenses or expended for the purpose intended. John also claimed deductions of $4,620 in 1974 and $570 in 1975 as away *215 from home expenses for meals and lodging while staying with his family in Atlanta, based on 154 days in 1974 and 19 days in 1975 in Atlanta at $30 per day. All of this amount was disallowed by respondent as not being substantiated, ordinary and necessary business expenses, or expended for the purpose intended. John claimed $63 in taxi and bus expenses in 1975 in connection with his travel to and from New York City, which amount respondent disallowed as not being ordinary and necessary business expenses or expended for the purpose intended. Although most of John's trips to Atlanta were primarily to be with his family, while there John spent a substantial portion of his time assisting Kathryne in various facets of the sole proprietorship activities and the subsequent corporation. Occasionally, moreover, he rearranged his schedule to be in Atlanta to meet with lawyers. John's activities included tagging each piece of jewelry, packaging, manning booths at flea markets, arranging financing and import licenses, maintaining the books of the sole proprietorship and subsequently the corporation, and picking up and delivering packages. He also did some purchasing and John went to SBA *216 seminars to improve his managerial skills. Both John and Kathryne made trips to different cities to secure sales representatives. From time to time, John rearranged his flying schedule or cancelled a trip in order to meet with people and see merchandise marts. John claimed $713 in 1974 as an employee business expense for use of his private automobile in connection with the business activities on behalf of Kappy, Inc., which amount was substantiated. Respondent disallowed the entire amount as not being ordinary and necessary business expenses or expended for the purpose intended. Respondent now concedes that of the $713 disallowed, $355.50 should be allowed for the expenses incurred in operating John's personal automobile during the operation of the sole proprietorship. OPINION At issue here are various deductions claimed as employee business expenses. We will deal first with those amounts expended in connection with Kappy, Inc., including use of personal automobiles for the business, out-of-pocket traveling expenses, and home office epenses (including depreciation). Respondent makes two arguments in support of his disallowance of these claimed deductions. First, that such *217 expenses were incurred on behalf of the corporation and represent expenses of the corporation, not expenses of Kathryne and petitioner undertaken in the course of their trade or business as employees of Kappy, Inc.; and second, that if such expenses were ordinary and necessary expenses of petitioner and Kathryne, petitioner has not met his burden of substantiating such expenses. Petitioner maintains to the contrary that the expenses were incurred in their status as employees and that they have been substantiated. Deductions are allowable under section 162(a)[3] only for "ordinary and necessary expenses paid or incurred during the taxable (years) in carrying on any trade or business * * *." If a corporate officer is required to incur expenses in the course of discharging his executive duties, he may deduct unreimbursed expenses actually paid by him as ordinary and necessary expenses of his business as a corporate executive.[4]Fischer v. United States, 490 F.2d 218 (7th Cir. 1973); Fountain v. Commissioner, 59 T.C. 696, 708 (1973). Similarly, where a corporate *218 officer personally incurs expenditures which enable him to better perform his duties to the corporation and which have a direct bearing on the amount of his compensation or his chances for advancement, unreimbursed expenses may be deductible. Walliser v. Commissioner, 72 T.C. 433 (1979). But because the business of the corporation is not considered the business of its shareholders or officers, Burnet v. Clark, 287 U.S. 410 (1932), unreimbursed expenditures undertaken for the benefit of the corporation by one of its officers are not deductible by the officer.[5]Deputy v. DuPont, 308 U.S. 488 (1940). *219 Kappy, Inc. was incorporated on July 19, 1974. Prior to that time, the business had been operated as a sole proprietorship. As to those expenses incurred prior to the time of incorporation, including expenses relating to the home office deduction, [6] we see no reason to disallow a deduction [7] (unless unsubstantiated). Upon incorporation, the business continued to be operated out of Kathryne's and petitioner's home and both Kathryne and petitioner continued to personally pay for certain *220 entertainment and travel costs of the business as they had prior to incorporation. At least a large part of their reason for incurring these expenses was that the corporation could not pay such expenses. When the corporation was able to pay the expenses, it did so. We believe this goes far to show that such expenses were the corporation's expenses rather than required for Kathryne and petitioner as employees. [8]
Unfortunately, petitioner misconstrues the nature *221 of such expenses. To be sure, these expenses were necessary and essential to the performance of their duties. But this is not the proper test for deductibility. Where a corporate executive or employee undertakes to discharge the responsibility of the corporation, it is clear that he is not incurring an expenditure of his trade or business, however necessary that may be from a practical standpoint. See also Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959); Fountain v. Commissioner, supra; Kahn v. Commissioner, 26 T.C. 273 (1956); Kaplan v. Commissioner, 21 T.C. 134 (1953); Jergens v. Commissioner, 17 T.C. 806 (1951). Accordingly, we hold that all expenses relating to the business incurred after its incorporation must be disallowed. We held previously that expenses incurred prior to incorporation while the business operated as a sole proprietorship are deductible. These expenses relate to the home office deduction. [9] On the basis of the record, we believe that petitioner is entitled *222 to a deduction in 1974 of 41 percent [10] of home office expenses 148 days from Feb. 21 thru July 19 / 365 days. [11]
The next issue with which we must deal is petitioner's transportation expenses incurred in flying between Atlanta and Newark in 1974 and between Atlanta and New York during December 1975, and away from home expenses incurred while he stayed with his family in Atlanta while working *223 out of Newark and New York. [12]
Both petitioner and respondent agree that petitioner's tax home while he worked out of Newark was in Newark and while we worked out of New York was in New York. Respondent maintains that petitioner's only business during the years in issue was that of an airplane pilot even though he may have assisted his wife while in Atlanta by performing some services for Kappy, Inc. Accordingly, respondent views the cost of transportation and traveling (including away from home expenses) to Atlanta as a nondeductible personal expense. Respondent maintains that even if petitioner was engaged in a second business while in Atlanta, such expenses were, nonetheless, nondeductible personal expenses, citing Preseault v. Commissioner, T.C. Memo. 1975-146, and Mazzotta v. Commissioner, 57 T.C. 427 (1971), affd. per curiam 465 F.2d 1399 (2d Cir. 1972). *224 Alternatively, respondent contends that such expenses, if deductible, have not been substantiated. Petitioner maintains that he was engaged in a second business as an employee of Kappy, Inc., while in Atlanta and that his primary purpose for going to Atlanta was to operate that business; therefore, all of the claimed expenditures are deductible. Initially, we agree with petitioner that his activities with Kappy, Inc. rise to the level of a trade or business as an employee of Kappy, Inc. His activities were substantial, as set forth in our findings of fact, and in the first year the company was profitable enough to pay a salary, it paid $5,000 to both Kathryne and petitioner. But this does not end our inquiry for it is not enough that the expense is incurred while away from home or in traveling between places of employment.Rather, under the decision in Commissioner v. Flowers, 326 U.S. 465 (1946), the expense must also be incurred in the pursuit of business. In Mazzotta v. Commissioner, supra, the taxpayer's major business was an office auditor for the Internal Revenue Service. His major posts of duty during the years in issue were at *225 the New Haven, Connecticut and Bridgeport, Connecticut office of the Internal Revenue Service. The taxpayer also maintained a secondary place of employment as treasurer of a credit union at his personal residence. The taxpayer contended that his "tax" home was his major place of employment and the cost of traveling from his "tax" home to his secondary place of employment was deductible. Similar arguments about being "away from home" while conducting the credit union business at home were made. We found that the primary motivation for the taxpayer's trips from his major place of employment to his residence was personal; that the primary purpose for these trips was to be home (in the popular sense of the term). We held, therefore, that the trips from the major post of employment were not incurred in the course of his trade or business. Mazzotta is controlling here. We believe that petitioner's primary purpose for living at his family residence while engaged in his secondary business was to be at home (in the popular sense of the term). At least, petitioner has failed to carrying his burden to prove otherwise. He ate and slept there for his personal convenience. Since, *226 understandably, petitioner choose to be with his family in Atlanta when he was not working for Eastern, he incurred no additional meal and lodging expenses for business that was transacted from his family residence. He visited Atlanta with the same frequency both before and after he became involved in Kappy, Inc.Since the lodging at his residence in Atlanta was an incident of his home and family life and not of his business, [13] we hold that such expenses are not deductible.[14] See Matteson v. Commissioner, 514 F.2d 43 (8th Cir. 1975), affg. a Memorandum Opinion of this Court; Green v. Commissioner, 59 T.C. 456 (1972). *227 Because we hold for respondent on this ground, we need not decide whether petitioner has substantiated his expenses for meals and lodging. [15]
Decision will be entered under Rule 155.
Footnotes
1. Kathryne King did not petition this Court from the statutory notice of deficiency.↩
2. At trial, petitioner introduced documents in support of these expenses. Respondent orally stipulated at that time that petitioner paid the following amounts: $325 a year for insurance for the period July 20, 1972 through July 20, 1975; electric bills of $612 in 1974; and, gas bills of $264 in 1974.↩
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue. ↩
4. See also Richardson v. Commissioner, T.C. Memo. 1978-322↩.
5. Petitioner argues that the expenses were claimed as expenses of employees of the corporation, not expenses of executives or officers of the corporation. Since officers and executives are employees of a corporation, this distinction drawn by petitioner is irrelevant to our consideration and it does not matter whether such duties were performed in the nature of their duties as corporate officers or as lower-echelon employees.↩
6. Respondent does not contend that the home office was personal in nature. The place of business was apparently in the home. See Sharon v. Commissioner, 66 T.C. 515 (1976), affd. 591 F.2d 1273 (9th Cir. 1978), cert. denied, 442 U.S. 941↩ (1979). 7. Neither respondent nor petitioner argued that expenses incurred while the business was operated as a sole proprietorship should be treated differently than expenses incurred in the business while operated as a corporation although respondent did allow a deduction for $240.50 of expenses incurred on Kathryne's Toyota and $355.50 on John's car while the business was operated as a sole proprietorship.↩
8. At trial, petitioner contended that because the corporation would have failed had Kathryne and he not paid such expenses, such expenses were incurred in order to protect their employment. Although expenses of a corporation incurred by an employee in order to prevent the corporation from going out of business, and thus causing the employee to lose his job, may be considered as incurred in the employee's trade or business, we do not believe such a motive has been shown. Cf. Carter v. Commissioner, T.C. Memo. 1979-447; Mann v. Commissioner, T.C. Memo. 1975-74; Haslam v. Commissioner, T.C. Memo. 1974-97; Young v. Commissioner, T.C. Memo. 1974-76↩.
9. It appears from petitioner's tax return that the Cadillac was not purchased until September 1974; thus, it was never used by the sole proprietorship but only after the business was incorporated. Accordingly, no deduction is allowed. It is impossible to tell whether any other expenses were incurred prior to incorporation. Since the burden of proof is on petitioner, we must hold for respondent. ↩
10. Respondent allowed a deduction for 41 percent of the business use of the Toyota claimed for 1974. ↩
11. Thus, he is entitled to the following deductions: $296.66 for depreciation (41 percent of $723.57); $62.73 for electric utilities (25 percent of 41 percent of $612); $27.06 for gas bills (25 percent of 41 percent of $264); $33.31 for insurance (25 percent of 41 percent of $325).↩
12. Petitioner deducted $30 per day for each day he stayed in Atlanta while working out of Newark (a total of 154 days in 1974, for $4,620) and New York (a total of 19 days in 1975, for $570). Apparently, the $63 in taxi and bus expenses in 1975 also relate to these away from home expenses.↩
13. We believe the facts in this case are substantially similar to those presented in Preseault v. Commissioner, T.C. Memo. 1975-146↩. Petitioner attempts to distinguish that case, arguing that the taxpayer there was unable to establish that he maintained a secondary place of business at his residence. A close reading of that case reveals, to the contrary, that this Court held that the taxpayer was engaged in a secondary place of business at his residence. 14. See also Kaonis v. Commissioner, T.C. Memo. 1978-184; Andrews v. Commissioner, T.C. Memo. 1978-135; Lackey v. Commissioner, T.C. Memo. 1977-213; Dean v. Commissioner, T.C. Memo. 1976-379; Karp v. Commissioner, T.C. Memo. 1976-325↩.
15. Petitioner on his tax return claimed a deduction based upon $30 per day. At trial, he argued in the alternative that he used 40 percent of the house while present there and should be entitled to deduct 40 percent of the depreciation, insurance, and utilities as lodging expenses. He also stated that while in Atlanta his family spent approximately $125 per week for groceries and of that amount 30 percent was attributable to his presence.↩