FRANK R. AND MARY JANE HAMBLEN, PETITIONERS V.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3147–81.     Filed January 20, 1982.

Frank R. Hamblen, pro se.
*Kenneth P. Dale*, for the respondent.

OPINION

DAWSON, *Judge*: Respondent determined a deficiency of $248.87 in petitioners' Federal income tax for 1976.

Petitioners have not contested certain minor adjustments to medical expense and sales tax deductions and the earned income credit. The only issue presented for our decision is whether petitioner Frank R. Hamblen, a minister, is entitled to deduct under section 162(a)[1] automobile expenses incurred in traveling to and from his home, where he had an office and performed ministerial duties, and his principal place of work at the Calvary Bible Church.

The facts have been stipulated by the parties and are summarized below.

Petitioners Frank R. Hamblen and Mary Jane Hamblen are husband and wife who resided in Lima, Ohio, when they filed their petition in this case. They timely filed a joint Federal income tax return for the year 1976 with the Internal Revenue Service Center at Covington, Ky. On March 17, 1980, they filed an amended return for that year.

Frank R. Hamblen (petitioner) is now, and was during 1976, the pastor of the Calvary Bible Church, located in Lima, Ohio. He had an office at the church where he performed ministerial duties. He also had an office in his home where he prepared

---

[1]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

sermons, did telephone work, and performed other ministerial duties. His home was 4⅕ miles from the church.

During 1976, the petitioner traveled a total of 1,300 miles by automobile between his home office and his church office. The amount of automobile expenses incurred and deducted by him for such travel was $1,338.52. This amount, which is substantiated, was disallowed by respondent as a business expense in his notice of deficiency.

Petitioner contends that such automobile expenses are deductible. To the contrary, respondent contends that, pursuant to section 1.162–2(e), Income Tax Regs., such expenses are nondeductible commuting costs.

We agree with the respondent. Deeply ingrained in Federal tax law is the basic proposition that the costs of going to and from home and an established place of business is a nondeductible personal expenditure. *Steinhort v. Commissioner*, 335 F.2d 496, 503 (5th Cir. 1964), affg. and remanding a Memorandum Opinion of this Court. See also *Fausner v. Commissioner*, 413 U.S. 838 (1973); *Sanders v. Commissioner*, 439 F.2d 296, 297 (9th Cir. 1971), affg. 52 T.C. 964 (1969).

Where, as here, a person, who regularly works and resides at home, makes daily round trips to and from another work location, which is his *principal* and *indefinite* (as distinguished from temporary) place of work, no portion of the transportation expenses incurred for the daily round trips is deductible. See *Mazzotta v. Commissioner*, 57 T.C. 427, 429–430 (1971), affd. per curiam 465 F.2d 1399 (2d Cir. 1972); *Smith v. Warren*, 388 F.2d 671, 673 (9th Cir. 1968); *Green v. Commissioner*, 59 T.C. 456, 459–460 (1972); and compare *Curphey v. Commissioner*, 73 T.C. 766, 777–778 (1980), on appeal (9th Cir., Nov. 24, 1980). Such transportation costs constitute commuting expenses which are personal and nondeductible under section 262. Accordingly, we sustain respondent's determination on this disputed issue.

At trial, the petitioner stated that the denial of a deduction for his commuting expenses somehow violates his right to the free exercise of his religion under the First Amendment to the Constitution of the United States. But he was not specific as to how such rights have been violated. The law is clear that the Federal income tax in general does not violate the First Amendment to the Constitution. *Lull v. Commissioner*, 602

F.2d 1166 (4th Cir. 1979); *United States v. Malinowski*, 472 F.2d 850 (3d Cir. 1973); *Tingle v. Commissioner*, 73 T.C. 816 (1980). Furthermore, the United States has the right to tax the income of ministers as long as the tax does not discriminate against them. Cf. *Parker v. Commissioner*, 365 F.2d 792 (8th Cir. 1966). Here the petitioner has not demonstrated that the disallowance of the claimed deduction for commuting expenses in any way discriminated against him because of his religious beliefs.

*Decision will be entered for the respondent.*