JIMMY and MARY K. THALACKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thalacker v. Commissioner
Docket No. 9349-80.
United States Tax Court
T.C. Memo 1984-488; 1984 Tax Ct. Memo LEXIS 188; 48 T.C.M. (CCH) 1104; T.C.M. (RIA) 84488; September 11, 1984. Jimmy Thalacker, pro se. Joseph F. Long, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' 1976 and 1977 Federal income taxes in the amounts of $2,329.88 and $387.55, respectively. The issues for decision are: (1) Whether petitioners qualified for a home office deduction under section 280A [1]; (2) whether travel expenses incurred by petitioner, Jimmy Thalacker, with respect to his employment as a airline pilot, are deductible under section 162(a); (3) whether meal and lodging expenses incurred by petitioner, Jimmy Thalacker, while at his *190 personal residence are deductible under section 162(a); and (4) whether travel expenses incurred by petitioners in connection with their investment in a limited partnership are deductible under section 162(a) or section 212. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Jimmy Thalacker (hereinafter petitioner) and Mary K. Thalacker, husband and wife, resided in West Redding, Connecticut, at the time they filed their petition herein. Petitioners timely filed joint Federal income tax returns (Forms 1040) for their 1976 and 1977 taxable years with the Internal Revenue Service Center at Andover, Massachusetts. Petitioner was an airline pilot employed by TWA whose flights originated out of John F. Kennedy International Airport (hereinafter JFK) in New York City. During the years in issue, petitioner commuted approximately 74 miles from his residence in West Redding, Connecticut, to JFK. During the years in issue, petitioner operated a photography business out of his home. Petitioner's home consisted of approximately 10 rooms, 2 of which were used exclusively *191 for his photographic activities. [2] One room was used exclusively as a darkroom for processing film and the second room was used exclusively for photofinishing. These rooms were not suitable for any use other than photography work. Petitioner only developed black and white photographs taken in connection with his photography business. Family pictures were processed by outside commercial laboratories which were capable of developing color slides or prints. During the years in issue, petitioner invested approximately $19,000 in a limited partnership. The partnership planned to develop a residential community on approximately 227 acres of land near Auburn, Alabama. As of the date of trial, construction and development of the residential community has not yet begun. In 1976 and 1977, petitioner made several trips to Auburn, Alabama, to oversee his investment property. On their 1976 Federal income tax return, petitioner claimed the following deductions: *192 $1,194 as home office expenses; $729 as travel expenses from petitioner's place of business to his personal residence; $2,840 as meals and lodging expenses while petitioner resided in his personal residence; and $2,775 as travel expenses incurred in connection with development of real estate in Alabama. On their 1977 joint Federal income tax return, petitioners claimed $990 as business expenses incurred in connection with the development of their real estate holdings in Alabama. In the statutory notice of deficiency, respondent disallowed these claimed expenses in their entirety. OPINION Issue 1: Home office.
The first issue for decision is whether petitioner qualifies for a home office deduction under section 280A. Generally section 280A disallows deductions to individuals "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." However, section 280A(c)(1)(A) sets forth an exception when the portion of the dwelling unit is "exclusively used on a regular basis * * * [as] the principal place of business for any trade or business of the taxpayer." Petitioner argues that his home office was used exclusively and *193 regularly in the course of his photography business. Respondent maintains that petitioner's home office was not used exclusively or regularly and that, in any event, the limitation imposed on deductions under section 280A(c)(5) prevents any deductions relating to petitioner's home office. At trial, petitioner testified that his home office was used exclusively and regularly in connection with his photography business. Petitioner set up laboratories to develop and print black and white film in two rooms of his home. These laboratories were not used by family members or by petitioner other than in connection with petitioner's photography business. We found petitioner to be a forthright, credible witness, and we are convinced that his home office was used exclusively and regularly for his photography business. Petitioner's deduction for home office expenses is, however, limited by section 280A(c)(5). [3] Generally, section 280A(c)(5) limits the allowable deductions to the excess of the gross income derived from such use for the taxable year over the deductions attributable to such use which are otherwise allowable, such as interest and taxes. Applying this limitation to the record *194 before us, we agree with respondent that petitioner is not entitled to a deduction for his home office expenses. On his 1976 income tax return, petitioner reported gross income from his photography business in the amount of $733. Petitioner also claimed a total of $8,597.11 in mortgage interest and real estate taxes of which approximately 10 percent or $859 is allocable to his home office. Accordingly, under the limitation imposed by section 280A(c)(5) petitioner is not entitled to a home office deduction for any amount since the gross income from his photography business is less than the deductions which are otherwise allowable. Issues 2 and 3: Traveling, meals and lodging expenses.
On his 1976 income tax return, petitioner claimed a deduction for expenses *195 incurred in traveling between his home and JFK. During the years in issue petitioner was an airline pilot whose flights originated out of JFK in New York. Petitioner's residence was located in West Redding, Connecticut, approximately 74 miles away. Quite simply, petitioner's travel to and from his place of employment constitutes commuting which is a nondeductible personal expense. Sec. 1.262-1(b)(5), Income Tax Regs.
On his 1976 income tax return, petitioner also claimed a deduction for meals and lodging while staying at his home in West Redding, Connecticut. As in the case of commuting, the cost of meals and lodging while at home is a nondeductible personal expense. Sec. 1.262-1(b)(5); Mazzotta v. Commissioner,57 T.C. 427 (1971), affd. 465 F.2d 1399 (2d Cir. 1972). Issue 4: Travel expenses to Alabama.
Petitioner argues that the expenses incurred to oversee his investment in Alabama are deductible under section 162 or section 212. Respondent maintains that petitioner's claimed deductions were not ordinary and necessary expenses within the meaning of section 162 or section 212. Respondent also argues that petitioner failed to substantiate *196 his claimed expenses as required by section 274. Respondent's determination is presumptively correct and petitioner bears the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. Deductions are a matter of legislative grace and petitioner must prove that he is entitled to each deduction claimed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). In addition, section 274(d) provides that no deduction shall be allowed "under section 162 or 212 for any traveling expense (including meals and lodging while away from home) * * * unless the taxpayer substantiates by adequate records" or by other corroborating evidence the amount, the time and place, and the business purpose of the expense. Assuming, arguendo, that petitioner's expenses were ordinary and necessary within the meaning of section 162 or section 212, petitioner has failed to meet the substantiation requirements of section 274. At trial, petitioner presented absolutely no evidence to substantiate his claimed travel expenses. While petitioner did testify that he went to Alabama to oversee his investment, and spent 33 days in Alabama, this testimony alone is insufficient to entitle *197 him to a deduction. Petitioner did not produce any other evidence, parol or otherwise, indicating the amount of his expenses, or the time and place of his travel. Accordingly, we must hold for respondent on this issue as well. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. In his petition and on brief, petitioner alleges that the two rooms make up approximately 10 percent of his home. Respondent does not dispute this point and, for purposes of our opinion, we accept this figure as fact.↩
3. Section 280A(c)(5) provides in relevant part "the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of -- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used."↩