T.C. Memo. 1996-232


UNITED STATES TAX COURT


JOON H. CHONG AND YOUNGCHA KIM CHONG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6642-94.                          Filed May 22, 1996.


Joon H. Chong and Youngcha Kim Chong, pro sese.

Terri L. Parrot, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CARLUZZO, Special Trial Judge:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

determined a deficiency in petitioners' 1992 Federal income tax in the amount of $2,860.

The issues for decision are: (1) Whether petitioners are entitled to a deduction for a home office used by Joon H. Chong in connection with his practice of medicine as a self-employed anesthesiologist; and (2) whether petitioners are entitled to a deduction in an amount greater than that already allowed by respondent for automobile expenses related to Joon H. Chong's practice of medicine. Issues resulting from other adjustments made in the notice of deficiency to petitioners' itemized and personal exemption deductions will automatically be resolved in accordance with the resolution of the two issues referred to above.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time that the petition was filed in this case, petitioners resided in St. Joseph, Michigan. References to petitioner are to Joon H. Chong.

Petitioner began practicing medicine in 1975. During the year in issue petitioner was a self-employed anesthesiologist, licensed to practice in Michigan. He held privileges to provide services as an anesthesiologist at Mercy Memorial Hospital (the hospital) in St. Joseph, Michigan. Petitioner was neither an employee of, nor compensated by, the hospital. The hospital did

not provide a private office for petitioner's use, but he did have access to a telephone, and could make and receive telephone calls on a limited basis at the hospital. He also had access to an area where he could do some paperwork. He was entitled to use the physicians' lounge at the hospital, but due to the activity normally going on in the lounge, he could not do any paperwork there.

On occasion petitioner would be contacted directly by a patient in need of his services; however, the majority of petitioner's patients were referred to him by surgeons or by the hospital. He was compensated by his patients on a fee for service basis. Fee, billing, and payment arrangements were made directly between petitioner and his patients. For the year 1992, petitioner reported the income earned and expenses incurred in connection with his medical practice on a Schedule C.

Petitioner administered anesthesia to patients scheduled to undergo various surgical procedures at the hospital. In addition to the services petitioner provided to patients at the hospital during surgery, he would spend time with patients before and after surgery in order to assess, and presumably reduce, the risk of postoperative complications. During 1992, petitioner administered anesthesia to patients at the hospital on 626 occasions, which required his presence there for approximately 1,000 hours.

Petitioner lived in a house located approximately 15-20 miles from the hospital. Petitioner conducted his billing activities in an office located in the basement of his house. There was no sign outside petitioners' house indicating that petitioner maintained his medical office there. Routinely, petitioner would travel between his house and the hospital two or three times per day, at least 3 days a week. He employed an office manager who spent 20 hours per week at his home office. Petitioner's office manager was responsible for maintaining and updating patient billing records, assisting patients with insurance and medicare form preparation, and responding to questions regarding a patient's bill. Youngcha Kim Chong, a registered nurse, also was involved in the billing process and performed the same services as petitioner's office manager. The billing services that petitioner conducted at his home office related exclusively to his patients. Petitioner did not provide billing services for any other physicians.

Petitioner had no other office from which he could conduct his billing and recordkeeping activities. His patients were provided with his office telephone number, which was also petitioners' personal home telephone number. Petitioner's patients routinely contacted petitioner, or his office manager, by telephone at his home office for assistance or questions relating to billing matters. Petitioner rarely treated or

consulted with patients for medical treatment purposes at his home office.

Petitioners estimated that petitioner's home office constituted approximately 27 percent of the total area of their house.  On the Schedule C related to petitioner's medical practice, petitioners deducted $10,343.12 as expenses for the business use of their house.  Included in this total are amounts attributable to depreciation, mortgage interest, property taxes, utilities, insurance, and repairs and maintenance.  Car expenses, including depreciation, in the total amount of $4,615 were also deducted on the Schedule C.  Petitioners estimated that the automobile to which the expenses related, a 1989 Mazda, was driven 7,000 miles in 1992.  Of the total miles driven, petitioners' return reflects that 6,300 miles were business related and 700 miles related to personal, noncommuting purposes.

In the notice of deficiency upon which this case is based, respondent disallowed petitioners' home office deduction upon the ground that the home office was not the principal place of petitioner's medical practice.[2]  Having determined that petitioner's house was not his principal place of business, respondent decreased petitioners' car expenses by $4,108 upon the

---

[2]In the notice of deficiency respondent increased petitioners' itemized deductions by the amounts of the real estate taxes and mortgage interest disallowed as part of the home office deduction.  Sec. 280A(b).

ground that petitioners failed to establish that such expenses constitute ordinary and necessary business expenses.

OPINION

Respondent's determinations, having been made in a notice of deficiency, are presumptively correct, and petitioners bear the burden of proving that such determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are matters of legislative grace. A taxpayer who claims a deduction must identify the specific statute which allows for the type of deduction being claimed, and the taxpayer must demonstrate that he or she satisfies all of the requirements or conditions set forth in the statute. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.

Home Office Deduction

In general, section 162 allows deductions for ordinary and necessary expenses incurred by a taxpayer in carrying on a trade or business. Sec. 162(a). Petitioner's medical practice constitutes a trade or business within the meaning of section 162. See Commissioner v. Groetzinger, 480 U.S. 23 (1987). The general rule provided by section 162(a) is qualified by various limitations, including one that prohibits otherwise allowable deductions "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." Sec. 280A(a). The dwelling unit involved in this case, namely

petitioners' house, was used as their residence during 1992. The provisions of section 280A(a) do not apply to expenses attributable to any portion of the dwelling unit used exclusively on a regular basis as the principal place of the taxpayer's trade or business. Sec. 280A(c)(1)(A). Respondent agrees that the exclusive use requirement set forth in section 280A has been satisfied. However, based upon the Supreme Court's holding in Commissioner v. Soliman, 506 U.S. 168 (1993), respondent takes the position that petitioner's home office does not constitute his principal place of business within the meaning of section 280A(c)(1)(A). Therefore, according to respondent, section 280A(a) precludes petitioners from deducting the expenses incurred in connection with petitioner's home office.[3]

In Soliman, the taxpayer, also an anesthesiologist, administered anesthesia and treated patients at several hospitals. Much like petitioner, Dr. Soliman used his home office for billing, recordkeeping, and other purposes related to his medical practice. Dr. Soliman did not treat any patients at

---

[3]Petitioners do argue for the application of sec. 280A(c)(1)(B), which allows expenses attributable to any portion of a dwelling unit exclusively used on a regular basis by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of the taxpayer's trade or business. We are satisfied that sec. 280A(c)(1)(B) has no application in this case. Contacts by telephone between petitioner and his patients do not satisfy the provisions of that section, see Frankel v. Commissioner, 82 T.C. 318 (1984), and the rare visits by petitioner's patients do not constitute usage of the home office for such purposes on a regular basis.

his home office.  The Supreme Court held that Dr. Soliman was not entitled to a deduction for home office expenses because his home office was not his "principal place of business".  After discussing various tests for determining a taxpayer's principal place of business, the Supreme Court concluded that when a taxpayer carries on business activities at more than one location, the principal place of such business is the location where the most important or significant events take place.  In Dr. Soliman's case, the most important or significant event in the anesthesiologist's practice was the treatment of patients, which took place at the hospitals, not at Dr. Soliman's home office.  The Supreme Court, recognizing that "in integrated transactions, all steps are essential", nevertheless concluded that the activities that Dr. Soliman performed at home were less important to his medical practice than the treatments he provided at the medical facilities.  Commissioner v. Soliman, supra at 176.

Although petitioners agree that Soliman applies to their situation, they argue that its application would result in the allowance of the home office deduction here in dispute. Petitioners take the position that petitioner's medical practice should be considered as two equally important but separate activities, one consisting of treating patients, and the other consisting of billing and collecting from such patients. Petitioners assert that the "principal place of business"

determination should be made on an activity-by-activity basis, rather than on the basis of an integrated business. Petitioners contend that petitioner's home office was the only place where he conducted his billing activities. According to petitioners, the most significant or important events in the billing process took place at petitioner's home office; therefore under Soliman, and pursuant to section 280A(c)(1)(A), they are entitled to treat the home office as the principal place of petitioner's billing "business" and are entitled to the deduction in dispute.

We disagree with petitioners' contention as to how Soliman applies to their case. We also reject their suggestion that section 280A(c)(1)(A), and the test established by the Supreme Court in Soliman, should be applied on a bifurcated basis. Petitioner's medical practice constituted a single trade or business, albeit composed of various activities contributing to the income earned from that trade or business. Because petitioner's medical practice constituted a single trade or business, it can have no more than one principal place of business.

After taking into account petitioner's opinion with respect to the relative importance of the various aspects of his medical practice, and applying the "significant activity" test established in Soliman to that practice, we find that the most important or significant activity took place at the hospital

where petitioner administered anesthesia to his patients, not at his home office where he conducted billing and other activities.

The facts in this case are remarkably similar to the facts in Soliman.  Consequently, it is difficult to seriously entertain petitioners' argument that the application of Soliman in their case should lead to a different result.  Accordingly, for the reasons discussed in Soliman we find that the principal place of petitioner's medical practice in 1992 was the hospital, not his home office.  Consequently, we hold that petitioners are not entitled to a home office deduction for the year 1992.

Automobile Expenses

Along with other items not in dispute and the home office deduction discussed above, on the Schedule C related to his medical practice, petitioner claimed a $1,327.50 depreciation expense deduction, and deducted other car expenses in the amount of $3,287.85.  The deductions apparently relate to a 1989 Mazda automobile placed in service in April of 1989.  According to petitioners' return, 90 percent of the usage of the Mazda was related to petitioner's medical practice.  Petitioner did not explain, and it is not otherwise evident from the record, how he computed the $3,287.85 car expense deduction.[4]  In the notice of

_____

[4]In their petition, petitioners stated that "actual auto expenses rather than standard mileage should be allowed."  There is no evidence in the record, however, regarding any actual car expenses incurred by petitioner in connection with his medical practice.

deficiency, respondent aggregated these two deductions, and reduced the total ($4,615) by $4,108 because petitioners did not establish "that any amount more than $507 was for ordinary and necessary business expense". Respondent did not explain in any detail what portion of what deduction was being disallowed. Although the record is less than clear on the point, respondent claims, and petitioners do not appear to dispute, that the disallowed portions of the deductions are attributable to expenses incurred for travel between petitioner's house and the hospital.

According to respondent, the disallowed portions of the deductions constitute, or are attributable to, nondeductible commuting expenses. Commuting expenses, which are transportation expenses incurred between an individual's residence and regular place of employment, are considered personal expenses, the deduction of which is prohibited by section 262.[5] Commissioner v. Flowers, 326 U.S. 465, 470-474 (1946). Respondent's position on this point obviously results in part from her determination that petitioner's house was not his principal place of business.

We have held on numerous occasions that transportation expenses incurred between an individual's residence and local job sites may be deductible if his residence serves as his "principal place of business" and the travel is in the nature of normal and

---

[5]Sec. 262 provides in relevant part, "no deduction shall be allowed for personal, living, or family expenses."

deductible business travel.  Wisconsin Psychiatric Servs., Ltd. v. Commissioner, 76 T.C. 839, 849 (1981); Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980); Mazzotta v. Commissioner, 57 T.C. 427, 429 (1971), affd. per curiam 467 F.2d 943 (2d. Cir. 1972); Green v. Commissioner, T.C. Memo. 1989-599; Kisicki v. Commissioner, T.C. Memo. 1987-245, affd. per curiam without published opinion 871 F.2d 1088 (6th Cir. 1989); Adams v. Commissioner, T.C. Memo. 1982-223, affd. without published opinion 732 F.2d 159 (7th Cir. 1984).  We have also allowed deductions for expenses incurred for transportation between an individual's residence, which constituted a "regular place of business", and the individual's "temporary places of business". See Walker v. Commissioner, 101 T.C. 537 (1993) (applying Rev. Rul. 90-23, 1990-1 C.B. 28).  However, because petitioner's house was not his principal place of business, and because there is nothing in the record that leads us to conclude that the hospital was merely petitioner's temporary place of business, the above cases provide no authority for allowing the car expense and depreciation deductions in dispute.  Accordingly, we sustain respondent's determination with respect to the disallowed portions of petitioners' claimed car expense and depreciation deductions.

To reflect the foregoing,

Decision will be entered for respondent.